UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 21-CV-1167 (JRT/LIB)

PAUL HANSMEIER,

       Plaintiff,

DAVID MACLAUGHLIN, BENJAMIN
LANGER, ANDERS FOLK; and
PORTLAND CORPORATE CENTER, LLC,

       Defendants.

**MEMORANDUM IN SUPPORT OF
RULE 12(B)(6) MOTION TO
DISMISS AND/OR RULE 56
MOTION FOR SUMMARY
JUDGMENT**

Defendants David MacLaughlin and W. Anders Folk ("Federal Defendants"), sued in their official capacities, submit this memorandum of law in support of their motion to dismiss the Complaint and/or for summary judgment in *Hansmeier v. MacLaughlin, et al.*, 21 C 1167 (JRT/LIB) (D. Minn.), pursuant to Fed. R. Civ. P. 4(m), 12(b)(6), and 56, by and through their attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Kristen E. Rau, Assistant United States Attorney.

## INTRODUCTION

Pro se plaintiff Paul Hansmeier, currently incarcerated at the Federal Correctional Institution ("FCI") located in Sandstone, Minnesota, has initiated well over a dozen lawsuits alleging that the federal criminal mail fraud, wire fraud, and extortion statutes, 18 U.S.C. §§ 1341, 1343, 1951, are unconstitutional as applied to litigation-related activity he claims he wishes to undertake in the future. The instant matter, *Hansmeier v.*

*MacLaughlin, et al.*, 21 C 1167 (JRT/LIB) (D. Minn.) ("*Hansmeier IV*") is the focus of this motion to dismiss.

This suit is meritless. Res judicata bars Hansmeier from pursuing these claims against the Federal Defendants. Even if it did not, each of his claims would nonetheless be subject to dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or subject to summary judgment pursuant to Rule 56. Hansmeier's campaign to harass the U.S. Attorney's Office that prosecuted him and to waste judicial resources continues. It must stop. Dismissal or summary judgment is warranted. Further, in light of Hansmeier's amply demonstrated harassing and vexatious litigation, the Federal Defendants request that the Court impose an appropriately tailored filing restriction on Hansmeier.

## FACTS

### I.      Criminal Case

Hansmeier, an inmate at FCI Sandstone, pleaded guilty in August 2018 to one count of conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 1349 and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Plea Agreement, *U.S. v. Paul R. Hansmeier, et al.*, No. 16 CR 334, ECF No. 102 (D. Minn. Aug. 17, 2018). In relevant part, Hansmeier, who was a licensed attorney, and another individual "orchestrated an elaborate scheme to fraudulently obtain millions of dollars in copyright lawsuit settlements" that involved obtaining the copyrights to pornographic videos, in some cases by filming the videos themselves, and uploading them to file-sharing websites. Indictment, *id.*, ECF No. 1, ¶ 1 (D. Minn. Dec. 14, 2016). After users

downloaded the videos, Hansmeier and his co-defendant filed specious copyright infringement suits and manipulated courts to initiate discovery in order to send subpoenas to internet service providers and obtain identifying information associated with the IP addresses used to download the files. *Id.* Hansmeier and his co-defendant would then threaten the users with substantial financial penalties and public embarrassment unless they agreed to pay settlements, all while lying to courts about their involvement. *Id.*

Hansmeier was indicted and thereafter filed a motion to dismiss arguing, among other things, that the theory of mail and wire fraud alleged in his indictment was unconstitutional. Def.'s Mem. of Law in Support of Pretrial Mot. to Dismiss, No. 16 CR 334, ECF No. 49 at 58-59 (JNE/KMM) (D. Minn. Apr. 24, 2017). The Court denied the motion, rejecting this argument. Order, *id.*, ECF No. 76 (JNE/KMM) (D. Minn. Sept. 8, 2017).

In advance of Hansmeier's sentencing, the United States detailed his many abuses of legal process, which included lying to judges in order to fraudulently procure subpoenas to further his schemes. Gov.'s Position with Respect to Sentencing, *id.*, ECF No. 127 (D. Minn. Mar. 25, 2019). Hansmeier was sentenced to 168 months of imprisonment on both counts to be served concurrently and was ordered to pay over $1.5 million in restitution. Sentencing Judgment, *id.*, ECF No. 136 (D. Minn. June 17, 2019). The Eighth Circuit Court of Appeals has affirmed Hansmeier's conviction. *U.S. v. Hansmeier*, No. 19-2386 (8th Cir. Feb. 10, 2021).

## II.     Litigation

Hansmeier has initiated a slew of lawsuits around the country alleging that the federal criminal mail fraud, wire fraud, and extortion statutes are unconstitutional as applied to him either because they prevent him from pursuing copyright enforcement actions against individuals downloading pornographic material for which he owns or acquires copyrights, or because they prevent him from assisting unidentified individuals with pursuing ADA enforcement claims.

In May 2020, Hansmeier filed a Complaint for Declaratory and Injunctive Relief against U.S. Attorney General William Barr in the U.S. District Court for the District of Columbia challenging the constitutionality of the federal mail fraud, wire fraud, and extortion statutes, as they might apply to copyright enforcement activities he pleaded that he sought to undertake.  Compl., *Hansmeier v.* Barr, No. 20 C 1410, ECF No. 1 (D.D.C. May 26, 2020) (Exhibit A).  The Court screened the case pursuant to 28 U.S.C. § 1915A, observed that the "Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review," and dismissed the case for failure to state a claim upon which relief could be granted.  Mem. Opinion, *id.*, ECF No. 7 (D.D.C. July 16, 2020) (Exhibit B).  Hansmeier did not appeal.

Next, in June 2020, Hansmeier filed suit in the U.S. District for the District of Minnesota against U.S. Attorney Erica MacDonald, seeking declaratory and injunctive relief to enjoin the U.S. Attorney's Office from prosecuting Hansmeier in connection with his plan to undertake a proposed private ADA enforcement strategy.  Compl., *Hansmeier*

*v. MacDonald*, No. 20 C 1315, ECF No. 1 (NEB/LIB) (D. Minn. June 4, 2020).  He then

filed a First Amended Complaint against both U.S. Attorney MacDonald and Attorney

General Barr challenging the constitutionality of the federal mail fraud, wire fraud, and

extortion statutes, as they might apply to his proposed strategy.  First Am. Compl., *id.*, ECF

No. 6 (D. Minn. June 25, 2020) (Exhibit C). After Hansmeier was ordered to pay the initial

partial filing fee as a prerequisite to consideration of his application to proceed *in forma*

*pauperis*, he voluntarily dismissed the case.   Notice of Voluntary Dismissal Without

Prejudice, *id.*, ECF No. 19 (D. Minn. July 24, 2020) (Exhibit D).

Then, in July 2020, Hansmeier filed a Complaint for Declaratory and Injunctive

Relief against Attorney General Barr in the U.S. District Court for the Western District of

Wisconsin nearly identical to that which had already been dismissed by the U.S. District

Court for the District of Columbia.  Compl., *Hansmeier v.* Barr, No. 20 C 710, ECF No. 1

(W.D. Wis. July 31, 2020) (Exhibit E).   The case was closed in October 2020 due to

Hansmeier's failure to pay the initial partial filing fee.  *Id.* (W.D. Wis., Sept. 29, 2020).

In September 2020, Hansmeier embarked upon a new litigation strategy.   He

initiated well over a dozen new suits against the U.S. Attorney or Acting U.S. Attorney for

the District of Minnesota, as well as Hansmeier's former federal criminal prosecutors,

Assistant U.S. Attorney David MacLaughlin and former Assistant U.S. Attorney Benjamin

Langner,[1] which the Federal Defendants removed.  *Hansmeier v. David MacLaughlin,*

---

[1]  Hansmeier ultimately voluntarily dismissed Langner from most, but not all, of the
suits; most relevant for the instant motion, Hansmeier dismissed former Assistant U.S.
Attorney Langner in *Hansmeier IV*.  Notice of Voluntary Dismissal Without Prejudice of

*Benjamin Langer, Erica MacDonald, and Looker's Gentlemen's Club LLC*, No. 20 C 2155 (JRT/LIB) (D. Minn.) ("*Hansmeier I*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Erica MacDonald, and John Doe*, No. 20 C 2156 (JRT/LIB) (D. Minn.) ("*Hansmeier II*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and Di Ma Corporation*, No. 21 C 748 (JRT/LIB) (D. Minn.) ("*Hansmeier III*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and Portland Corporate Center LLC*, No. 21 C 1167 (JRT/LIB) (D. Minn.) ("*Hansmeier IV*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and Ashton Pankonin*, No. 21 C 1426 (JRT/LIB) (D. Minn.) ("*Hansmeier V*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and 101 BV LLC*, No. 21 C 1537 (JRT/LIB) (D. Minn.) ("*Hansmeier VI*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and Davis Family MN LLC*, No. 21 C 1538 (JRT/LIB) (D. Minn.) ("*Hansmeier VII*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and Building One Properties LLC*, No. 21 C 1539 (JRT/LIB) (D. Minn.) ("*Hansmeier VIII*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and Beam Properties LLC*, No. 21 C 1540 (JRT/LIB) (D. Minn.) ("*Hansmeier IX*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and Lakeland Investments LLC*, No. 21 C 1542 (JRT/LIB) (D. Minn.) ("*Hansmeier X*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and PFG II LLC*, No. 21 C 1543 (JRT/LIB) (D. Minn.) ("*Hansmeier XI*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and Ashford Foshay*, No. 21 C 1553 (JRT/LIB) (D. Minn.)

---

Defendant Benjamin Langer, *Hansmeier IV*, No. 21 C 1167, ECF No. 30 (JRT/LIB) (D. Minn. June 25, 2021).

("*Hansmeier XII*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and Skyline Square LLC*, No. 21 C 1547 (JRT/LIB) (D. Minn.) ("*Hansmeier XIII*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and SGRM Commercial Properties LLC*, No. 21 C 1550 (JRT/LIB) (D. Minn.) ("*Hansmeier XIV*"); *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and Nicols Properties LLC*, No. 21 C 1551 (JRT/LIB) (D. Minn.) ("*Hansmeier XV*"); and *Hansmeier v. David MacLaughlin, Benjamin Langer, Anders Folk, and Malocclusion LLC*, No. 21 C 1552 (JRT/LIB) (D. Minn.) ("*Hansmeier XVI*").   In May 2020, Hansmeier filed a document he called a "Suggestion of Mootness" in *Hansmeier I*, which he later clarified was intended to obtain a "dismissal without prejudice for lack of subject matter jurisdiction," and he voluntarily dismissed *Hansmeier II*.  Suggestion of Mootness, *Hansmeier I*, No. 20 C 2155, ECF No. 67 (D. Minn. May 21, 2021); Reply to Consolidated  Resp. in Opp. To "Suggestion of Mootness" and Notice of Voluntary Dismissal, *id.*, No. 20 C 2155, ECF No. 82 (D. Minn. June 18, 2021); Notice of Voluntary Dismissal, *Hansmeier II*, No. 20 C 2156, ECF No. 38 (D. Minn. May 21, 2021) (Exhibit F).   On August 17, 2020, this Court dismissed *Hansmeier I* and *II*, stayed *Hansmeier III*, *V*, *VI*, *VII*, *VIII*, *IX*, *X*, *XI*, *XII*, *XIII*, *XIV*, *XV*, and *XVI*, and set a briefing deadline for the Federal Defendants' motion to dismiss in this matter, *Hansmeier IV*.

In *Hansmeier IV*, as in his other cases, Hansmeier alleges that the federal criminal mail fraud, wire fraud, and extortion statutes, 18 U.S.C. §§ 1341, 1343, 1951 (hereafter, "Challenged Statutes"), violate the First and Fifth Amendments, as well as separation of powers considerations.  Hansmeier seeks a declaratory judgment, as well as injunctive

relief to prevent the Federal Defendants from enforcing the Challenges Statutes against him, and attorney's fees and costs.  Compl., *Hansmeier IV*, ECF No. 1-1, at Prayer for Relief.

## DISCUSSION

### I.     Legal Standard

A complaint must be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Although the Court must take all non-conclusory allegations in the complaint as true, to survive a motion to dismiss the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The court may grant a motion to dismiss on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The court need not resolve all questions of law in a manner that favors the complainant; rather, the court may dismiss a claim founded upon a legal theory that is "close but ultimately unavailing." *Id.* at 327.  "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  Further, the court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  The court must dismiss on this basis if the complaint "is

frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1); *see also Ricketts v. Maggard*, No. 19 C 276, 2019 WL 3543859, *2 (WMW/HB) (D. Minn. Aug. 5, 2019) (dismissing pursuant to § 1915A).

A motion to dismiss based on res judicata is appropriate when the defense "is apparent on the face of the complaint." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012). "Face of the complaint" encompasses "public records and materials embraced by the complaint, and materials attached to the complaint." *Id.* (citing *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006) (per curiam) (alteration and internal citation and quotation marks omitted)). The federal common law of res judicata governs where the first action is filed in federal court, the situation here. *Canady v. Allstate*, 282 F.3d 1005, 1014 (8th Cir. 2002), *overruled on other grounds*, *Ark. Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812 (8th Cir. 2009).

Hansmeier proceeds pro se in this action. To the extent he contends that his Complaint or other filings must be liberally construed, he is incorrect. Hansmeier was a practicing lawyer before he was suspended and disbarred. *Hansmeier I*, Compl., ECF No. 1-1, ¶ 39 ("Hansmeier has a significant level of experience with ADA enforcement litigation. . . . He has filed hundreds of complaints, won multiple appeals, prevailed at trial and defeated all forms of challenges to his clients' cases."); *id.*, Am. Compl. ECF No. 35, ¶ 39 ("Hansmeier has experience at all stages of an ADA lawsuit, ranging from presuit investigation, to drafting the complaint, defeating motions to dismiss, participating in discovery, attending court ordered settlement conferences, succeeding at the summary

judgment stage, winning at trial and prevailing on appeal."); *see also In re Petition for Disciplinary Action Against Paul Robert Hansmeier*, State of Minnesota Supreme Court, A19-0173 (Apr. 22, 2020) (per curiam) (Exhibit G) (disbarring Hansmeier after observing that Hansmeier "has shown an unrelenting readiness to engage in intentional misconduct for his own personal gain").  "Notwithstanding the general rule concerning pro se parties, court have declined to extend less stringent standards and liberal construction to pro se attorneys." *Garcia v. Bank of America, N.A.*, No. 13 C 383, 2014 WL 5685518. *1 n.2 (DWF/LIB) (D. Minn. Feb. 5, 2014) (declining to liberally construe filings of disbarred attorney) (internal quotation marks omitted).  Hansmeier's pleading and other filings are thus not entitled to "less stringent standards" or other special consideration. *Id.*

## II.     Dismissal or Summary Judgment is Warranted

This case is doomed for two independent reasons.  ***First***, res judicata (specifically, issue preclusion) requires dismissal under Rule 12(b)(6) or summary judgment under Rule 56.  *See Seldin v. Seldin*, 879 F.3d. 269, 272 (8th Cir. 2018) (noting that "Rule 12(b)(6) or Rule 56 motions" are appropriate vehicle for issue preclusion argument).  ***Second***, even if res judicata did not bar this action, Hansmeier nonetheless fails to state a claim upon which relief should be granted.

### A.  Res Judicata

Res judicata comprises the concepts of issue preclusion and claim preclusion.  *Sandy Lake Band of Mississippi Chippewa v. U.S.*, 714 F.3d 1098, 1102 (8th Cir. 2013).  Claim preclusion "bars claims that were or could have been litigated in the earlier proceeding." *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 669 (8th Cir. 2006).  Issue preclusion

forecloses "relitigation of a matter that has been litigated and decided." *Id.* (quoting *Migra v. Warren City Sch. Dist. Brd. of Educ.*, 465 U.S. 75 (1984)); *see also Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020) ("issue preclusion . . . precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment."). Importantly, this is so "whether or not the *issue* arises on the same or a different *claim*." *New Hampshire v. Maine*, 532 U.S. 742, 748-749 (2001) (emphasis added). By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," res judicata protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147, 153–154 (1979).

### 1. *Hansmeier's Relevant Prior Federal Cases*

A brief review of Hansmeier's relevant prior lawsuits is appropriate given their volume and importance to the application of the res judicata defense. As noted above, in May 2020, Hansmeier filed a Complaint against U.S. Attorney General Barr in the U.S. District Court for the District of Columbia challenging the constitutionality of the federal mail fraud, wire fraud, and extortion statutes, as they might apply to copyright enforcement activities he pleaded that he sought to undertake. Compl., *Hansmeier v. Barr*, No. 20 C 1410, ECF No. 1 (D.D.C. May 26, 2020) (Exhibit A). Judge Boasberg screened the case pursuant § 1915A, held that the "Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review," and dismissed the

Complaint in its entirety.  Ex. B, Mem. Opinion, *id.*, ECF No. 7 (D.D.C. July 16, 2020).
Hansmeier did not appeal.

After that case was filed but before it was dismissed, Hansmeier filed suit in the
U.S. District for the District of Minnesota in June 2020 against U.S. Attorney MacDonald,
seeking declaratory and injunctive relief to endorse a proposed ADA enforcement strategy
and prevent the U.S. Attorney's Office from prosecuting him in connection therewith.
Compl., *Hansmeier v. MacDonald*, No. 20 C 1315, ECF No. 1 (NEB/LIB) (D. Minn. June
4, 2020).  His Amended Complaint in that case alleged claims against U.S. Attorney
MacDonald as well as Attorney General Barr challenging the constitutionality of the
federal mail fraud, wire fraud, and extortion statutes as they might apply to his proposed
enforcement activities.  Ex. C, Am. Compl., *id.*, ECF No. 6 (NEB/LIB) (D. Minn. June 25,
2020).  Hansmeier voluntarily dismissed the case.  Ex. D, Notice of Voluntary Dismissal
Without Prejudice, *id.*, ECF No. 19 (D. Minn. July 24, 2020).

Several months after Judge Boasberg dismissed his case and after voluntarily
dismissing his case before Judge Brasel, Hansmeier initiated a raft of additional duplicative
cases.[2]   In the first of these, *Hansmeier I*, he filed a document entitled "Suggestion of
Mootness," which he later clarified was intended to obtain a "dismissal without prejudice

---

[2]   Hansmeier initiated at least 16 additional cases alleging that the Challenged
Statutes are unconstitutional with regard to his proposed copyright and ADA enforcement
strategies.  Of these and other than the instant case, thirteen of these cases are stayed
pending the Court's determination in this matter.  Order, *Hansmeier IV*, No. 21 C 1426,
ECF No. 31 (D. Minn. filed August 17, 2021) (staying *Hansmeier III, V, VI, VII, VIII, IX,
X, XI, XII, XIII, XIV, XV*, and *XVI*).  For the same reason this matter fails pursuant to Rule
12(b)(6) or Rule 56, the 13 stayed matters should also be dismissed.

for lack of subject matter jurisdiction." *Hansmeier I*, No. 20 C 2155, ECF No. 67 (D. Minn. May 21, 2021); *Id.*, ECF No. 82 (D. Minn. June 18, 2021).  In the second of these cases, *Hansmeier II*, he filed a Notice of Voluntary Dismissal.  Ex. F, Notice of Voluntary Dismissal, Hansmeier *II*, No. 20 C 2156, ECF No. 38 (D. Minn. May 21, 2021).

Hansmeier also initiated the instant case.  Here, as he has in the past and as he does in his many other lawsuits, he seeks declaratory and injunctive relief on his claims that the Challenged Statutes are unconstitutional.  The following table reflects, in relevant part, the defendants and allegations in the most pertinent of these many suits:

| Case: | *Hansmeier v. Barr*, No. 20 C 1410 (D.D.C.) | *Hansmeier v. MacDonald, et al*, No. 20 C 1315 (NEB/LIB) (D. Minn.) | *Hansmeier v. MacLaughlin, et al*, No. 20 C 2155 (JRT/LIB) (D. Minn.) ("*Hansmeier I*") | *Hansmeier v. MacLaughlin, et al.*, No. 20 C 2156 (JRT/LIB) (D. Minn.) ("*Hansmeier II*") | *Hansmeier v. MacLaughlin, et al*, No. 21 C 1167 (JRT/LIB) (D. Minn.) ("*Hansmeier IV*") |
|---|---|---|---|---|---|
| **Gov't Defendants:** | Attorney General Barr | U.S. Attorney MacDonald, Attorney General Barr | U.S. Attorney MacDonald, Assistant U.S. Attorney MacLaughlin | U.S. Attorney MacDonald, Assistant U.S. Attorney MacLaughlin | Acting U.S. Attorney Folk, Assistant U.S. Attorney MacLaughlin |
| **Factual allegations:** | "21. In summary, then, Hansmeier seeks to bring claims for copyright infringement and violations of the [Computer Fraud and Abuse Act]." . . . "23. Hansmeier cannot bring his claims without facing a credible risk of criminal prosecution for | "16. Hansmeier intended to assist people with disabilities [to] use the 'tester' ADA enforcement method. He cannot do so without facing a credible risk of criminal prosecution and other unlawful retaliation from Defendants." | "7. Hansmeier seeks to aid and encourage people with disabilities to engage in Serial Private ADA Enforcement against Lookers. . . . Hansmeier is limited and prohibited from doing so based on Defendants' criminalization of Serial Private ADA Enforcement via the Challenged | "7. Hansmeier seeks to immediately amend this complaint to add claims against John Doe for copyright infringement . . . and for violations of the Computer Fraud and Abuse Act[] . . . Hansmeier is chilled and prohibited from doing so by the credible threat of jeopardy he faces under the federal mail fraud, wire | "10. Hansmeier seeks to aid and encourage people with disabilities to engage in an investigation and petitioning activity to address the Public Accommodation's Defendant [sic] discrimination against people with disabilities . . . Hansmeier is limited and prohibited from doing so based on |

| Case: | *Hansmeier v. Barr*, No. 20 C 1410 **(D.D.C.)** | *Hansmeier v. MacDonald, et al.*, No. 20 C 1315 **(NEB/LIB) (D. Minn.)** | *Hansmeier v. MacLaughlin, et al.*, No. 20 C 2155 **(JRT/LIB) (D. Minn.)** (*"Hansmeier I"*) | *Hansmeier v. MacLaughlin, et al.*, No. 20 C 2156 **(JRT/LIB) (D. Minn.)** (*"Hansmeier II"*) | *Hansmeier v. MacLaughlin, et al.*, No. 21 C 1167 **(JRT/LIB) (D. Minn.)** (*"Hansmeier IV"*) |
|---|---|---|---|---|---|
| | mail fraud, wire fraud and extortion." | | Statutes, and the chilling effect of Defendants' criminalization." | fraud and extortion statutes." | the Challenged Statutes' criminalization of private ADA enforcement actions." |
| **First Amendment Claims:** | "32. Defendant's application of the mail fraud, wire fraud and extortion statutes to the Claims violates the Petition Clause of the First Amendment." . . . "39. Defendant's application of the mail fraud, wire fraud and extortion statutes to the Claims violates the Speech Clause of | "22. Defendants' application of the foregoing criminal statutes [the mail fraud, wire fraud, and extortion statutes] to Hansmeier's assistance and encouragement is neither justified by nor narrowly tailored to achieve a legitimate, compelling, or overriding government interest. Accordingly, | "65. Defendants' application of the Challenged Statutes to Hansmeier's course of conduct violates the Petition and Speech clauses of the First Amendment." | "33. Defendants' assertion/application of the Challenged Statutes to Hansmeier's assertion of the Copyright Enforcement Claims against John Doe violates the Petition and Speech Clauses of the First Amendment." | "65. As applied to Hansmeier's course of conduct described above, the Challenged Statutes violate the Petition and Speech Clauses of the First Amendment." |

| Case: | Hansmeier v. Barr, No. 20 C 1410 (D.D.C.) | Hansmeier v. MacDonald, et al., No. 20 C 1315 (NEB/LIB) (D. Minn.) | Hansmeier v. MacLaughlin, et al., No. 20 C 2155 (JRT/LIB) (D. Minn.) ("Hansmeier I") | Hansmeier v. MacLaughlin, et al., No. 20 C 2156 (JRT/LIB) (D. Minn.) ("Hansmeier II") | Hansmeier v. MacLaughlin, et al., No. 21 C 1167 (JRT/LIB) (D. Minn.) ("Hansmeier IV") |
|---|---|---|---|---|---|
| | the First Amendment." | Defendants' application violates the Speech and Petition Clauses of the First Amendment." | | | |
| **Fifth Amendment Claims:** | "43. The mail fraud, wire fraud and extortion statutes, as applied to the Claims, are unconstitutionally vague as they fail to define a criminal offense in a manner definite enough to notify an ordinary person what conduct is prohibited." . . . "45. The mail fraud, wire fraud | "25. The mail fraud, wire fraud, and extortion statutes are unconstitutionally vague as applied to the 'tester' ADA enforcement method as they fail to define a criminal offense in a manner definite enough to notify an ordinary person what conduct is prohibited. . . . " | "68. The Due Process Clause of the Fifth Amendment to the U.S. Constitution provides that: 'No person shall . . . be deprived of life, liberty or property without due process of law.'" "69. The Challenged Statutes, as applied to Hansmeier's | "37. The Challenged Statutes, as applied to Hansmeier's assertion of the Copyright Enforcement Claims against John Doe, are unconstitutionally vague as they fail to define a criminal offense in a manner definite enough to notify an ordinary person what conduct is prohibited." | "69. The Challenged Statutes, as applied to Hansmeier's course of conduct described above, are unconstitutionally vague as they fail to define a criminal offense in a manner enough to notify an ordinary person what conduct is prohibited and/or encourage arbitrary and discriminatory enforcement." |

| Case: | *Hansmeier v. Barr*, No. 20 C 1410 (D.D.C.) | *Hansmeier v. MacDonald, et al.*, No. 20 C 1315 (NEB/LIB) (D. Minn.) | *Hansmeier v. MacLaughlin, et al.*, No. 20 C 2155 (JRT/LIB) (D. Minn.) ("*Hansmeier I*") | *Hansmeier v. MacLaughlin, et al.*, No. 20 C 2156 (JRT/LIB) (D. Minn.) ("*Hansmeier II*") | *Hansmeier v. MacLaughlin, et al.*, No. 21 C 1167 (JRT/LIB) (D. Minn.) ("*Hansmeier IV*") |
|---|---|---|---|---|---|
|  | and extortion statutes violate the Due Process Clause of the Fifth Amendment as applied to Hansmeier's Claims." | . . . "26. The mail fraud, wire fraud and extortion statutes violated the Due Process Clause of the Fifth Amendment, as applied to the 'tester' ADA enforcement method. . . . " | course of conduct, are unconstitutionally vague as they fail to define an offense in a manner definite enough to notify an ordinary person what conduct is prohibited." | . . . "39. The Challenged Statutes violate the Due Process Clause of the Fifth Amendment." |  |
| **Separation of Powers Claims:** | "52. Defendant's use of the mail fraud, wire fraud and extortion statutes in this manner unconstitutionally intrudes upon Congress' power to make the law and promote the useful arts and the | "28. . . Defendants' use of the mail fraud, wire fraud and extortion statutes in this matter impermissibly intrudes on Congress's power to make the law and the judiciary's | "76. Defendants' use of the Challenged Statutes in this manner unconstitutionally intrudes upon Congress's power to make the law and the Judiciary's power | "44. Defendants' application of the Challenged Statutes in this manner unconstitutionally intrudes upon Congress' power to make the law and the judiciary's power to interpret the law." | "76. Defendants' use of the Challenged Statutes in this manner unconstitutionally intrudes upon Congress's power to make the law and the judiciary's power to interpret the law." |

| Case: | *Hansmeier v. Barr*, No. 20 C 1410 (D.D.C.) | *Hansmeier v. MacDonald, et al*, No. 20 C 1315 (NEB/LIB) (D. Minn.) | *Hansmeier v. MacLaughlin, et al*, No. 20 C 2155 (JRT/LIB) (D. Minn.) ("*Hansmeier I*") | *Hansmeier v. MacLaughlin, et al.,* No. 20 C 2156 (JRT/LIB) (D. Minn.) ("*Hansmeier II*") | *Hansmeier v. MacLaughlin, et al*, No. 21 C 1167 (JRT/LIB) (D. Minn.) ("*Hansmeier IV*") |
|---|---|---|---|---|---|
| | judiciary's power to interpret the law." | power to interpret the law." | to interpret the law." | | |
| **Relief Sought:** | Declaratory relief, injunctive relief, attorneys' fees, costs | Declaratory relief, injunctive relief, attorneys' fees, costs | Declaratory relief, injunctive relief, attorneys' fees, costs | Declaratory relief, injunctive relief, attorneys' fees, costs | Declaratory relief, injunctive relief, attorneys' fees, costs |
| **Result:** | Dismissal under § 1915A(b)(1) for failure to state a claim | Dismissal upon Notice of Voluntary Dismissal | Dismissal upon "Suggestion of Mootness" | Dismissal upon Notice of Voluntary Dismissal | TBD |
| **Source:** | Compl., *Hansmeier v. Barr*, No. 20 C 1410, ECF No. 1 (D.D.C. May 26, 2020). | Am. Compl., *Hansmeier v. MacDonald, et al*, No. 20 C 1315, ECF No. 6 (NEB/LIB) (D. Minn. June 25, 2020). | Am. Compl., *Hansmeier v. MacLaughlin, et al*, No. 20 C 2155, ECF No. 35 (D. Minn. Jan. 4, 2021). | Am. Compl., *Hansmeier v. MacLaughlin, et al.,* No. 20 C 2156, ECF No. 34 (D. Minn. Jan. 4, 2021). | Compl. *Hansmeier v. MacLaughlin, et al.,* No. 21 C 1167, ECF No. 1-1 (D. Minn. May 6, 2021) |

18

### 2.  *The elements of issue preclusion are met.*

Having set forth the relevant litigation background, the application of res judicata here will become clear.  Issue preclusion applies where five elements are satisfied:  "1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; 2) the issue sought to be precluded must be the same as the issue involved in the prior action; 3) the issue sought to be precluded must have been actually litigated in the prior action; 4) the issue sought to be precluded must have been determined by a valid and final judgment; and 5) the determination in the prior action must have been essential to the prior judgment."  *Sandy Lake Band*, 714 F.3d at 1102-1103.

In this suit, as in his others, Hansmeier again claims that the federal mail fraud, wire fraud, and extortion statutes violate the First Amendment, Fifth Amendment, and separation of powers considerations, as applied to proposed future enforcement activities that he alleges he wishes to undertake.  Here, as elsewhere, he seeks declaratory and injunctive relief.  After losing his case before Judge Boasberg, voluntarily dismissing his case before Judge Brasel, obtaining a dismissal of *Hansmeier I*, and voluntarily dismissing *Hansmeier II*, Hansmeier is attempting yet another bite at the apple.

Hansmeier is barred from relitigating his claims yet again, however.  Specifically, Hansmeier's claims should be dismissed because of a res judicata bar stemming (1) from Judge Boasberg's dismissal, or (2) from the impact of Hansmeier's prior voluntary dismissals of his case before Judge Brasel and Hansmeier *II* (as well as *Hansmeier I*) under Rule 41(a)(1)(B).  Either basis alone is sufficient for the application of res judicata here.

a.   The party sought to be precluded in the second suit must have
been a party, or in privity with a party, to the original lawsuit.

It cannot reasonably be disputed that Acting U.S. Attorney Folk and Assistant U.S.
Attorney MacLaughlin are in privity with Attorney General Barr or U.S. Attorney Erica
MacDonald.   28 U.S.C. §§ 510, 541, 542, 547; *Reyes-Vasquez v. Ashcroft*, 395 F.3d 903,
906 (8th Cir. 2005) (noting that the Attorney General "acts within his authority when he
delegates intra-agency to accomplish the duties given to him by Congress").   The first
element is satisfied.

b.   The issue sought to be precluded must be the same as the issue
involved in the prior actions.

The issue sought to be precluded here is the same issue that was litigated in the case
before Judge Boasberg, voluntarily dismissed in the case before Judge Brasel, dismissed
upon Hansmeier's filing of his "Suggestion of Mootness" document in *Hansmeier I*, and
voluntarily dismissed in *Hansmeier II*.  As demonstrated by the table above, Hansmeier's
allegations in the suits are duplicative.  Restyling his claims in this suit as relating to ADA
enforcement (rather than copyright enforcement), or bringing them against Acting U.S.
Attorney Folk and Assistant U.S. Attorney Maclaughlin (rather than U.S. Attorney
MacDonald and Attorney General Barr) does not avoid the application of issue preclusion.
The Supreme Court and the Eighth Circuit have been clear that issue preclusion applies to
an issue of fact or law litigated in a prior suit, regardless of "whether or not the *issue* arises
on the same or a different *claim*."  *New Hampshire*, 532 U.S. at 748-749 (emphasis added);
*Sandy Lake Band*, 714 F.3d at 1102 (*citing New Hampshire*).  Hansmeier cannot simply
repackage an issue to avoid res judicata. *See also Peterson v. Indep. Sch. Dist. No. 811*,

999 F. Supp. 665, 672 (D. Minn. 1998); *see also, e.g.*, *Turner v. Dept. of Justice*, 815 F.3d 1108, 1112 (8th Cir. 2016) (affirming application of issue preclusion, stating "[f]actual differences between the two underlying causes of action are immaterial, because those *differences do not affect the common question*, namely, whether Congress intended the CSRA to proscribe unique and exclusive remedial procedures for FBI employees alleging retaliation.") (emphasis added); *Pope v. Fed. Home Loan Mortg. Corp.*, 561 Fed. Appx. 569, 571-72 (8th Cir. 2014) (per curiam) (affirming application of collateral estoppel where, "While the Popes have pursued a new theory as to why Wells Fargo lacked the power to foreclose . . . this suit is still fundamentally about whether the foreclosure was valid and complied with all the statutory requirements.").

Hansmeier's claims, past and present, are premised on a consistent goal—declaratory and injunctive relief restraining potential future prosecutorial activity.  As Judge Boasberg already determined, the Attorney General "has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review."  Ex. B, Mem. Opinion, No. 20 C 1410, ECF No. 7 (D.D.C. July 16, 2020).  Likewise, as the table above makes clear, the issue raised here is precisely the same issue raised in the suit before Judge Brasel, in *Hansmeier I,* and in *Hansmeier II*.   The second element is satisfied.

> c.   <u>The issue sought to be precluded must have been actually litigated in the prior action.</u>

As discussed above, the issue sought to be precluded—whether Hansmeier can bring suit against the Attorney General or his or her delegates for declaratory or injunctive

relief to restrain possible future prosecutorial action for proposed enforcement activity—is one that Judge Boasberg specifically considered and rejected because it "stated no plausible claim to relief." *Id.* Judge Boasberg cited longstanding Supreme Court precedent that an "agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Id.* (citing *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)). Likewise, as the above table makes clear, there can be no reasonable dispute that the claims alleged in Hansmeier's cases before Judge Brasel or in *Hansmeier I* and *Hansmeier II* track almost identically those sought to be precluded in this case. The core issue is the same, and the third element is satisfied.

> d.   The issue sought to be precluded must have been determined by a valid and final judgment.

Judge Boasberg issued a final judgment in Hanmseier's previous case. Order, *id.*, ECF No. 8 (D.D.C. July 16, 2020) (Exhibit H) ("This is a final appealable Order."). While Judge Boasberg's dismissal was without prejudice, it still supports the application of issue preclusion. A final judgment for purposes of issue preclusion "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Germain Real Estate Co., LLC, v. HCH Toyota, LLC*, 778 F.3d 692, 696 (8th Cir. 2015). The Eighth Circuit has recognized that the finality requirement in the issue preclusion context has been "relaxed," and the doctrine applies "to matters resolved by preliminary rulings or to determinations of liability that have not yet been completed by an award of damages or other relief[.]" *In re Nangle,* 274 F.3d 481, 485 (8th Cir. 2001) (quoting *John Morrell & Co. v. Local Union 304A of the United Food*

& *Commercial Workers,* 913 F.2d 544, 563 (8th Cir. 1990). Indeed, finality "may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id.* The Eighth Circuit's decision in *Canady v. Allstate Ins. Co.*, 282 F.3d 1005 (8th Cir. 2002), is instructive. *Id., overruled on other grounds*, *Ark. Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812 (8th Cir. 2009). In *Canady*, the Eighth Circuit directly addressed plaintiffs' argument in opposition to preclusion that the prior dismissal (without prejudice for lack of standing) meant there was no final judgment on the merits, and thus no preclusive effect. *Id.* at 1014. The Eighth Circuit disagreed, because a "critical issue concerning the case had been adjudicated properly" as part of the without prejudice dismissal. *Id.* at 1015. Judge Boasberg's judgment is final and valid for the purposes of issue preclusion.

But that is not all. Not only does Judge Boasberg's judgment have preclusive effect, Rule 41(a)(1)(B) provides a second independent basis for the application of res judicata. As already noted, Hansmeier voluntarily dismissed the claims raised in his Amended Complaint in the case before Judge Brasel pursuant to Rule 41(a)(1). He thereafter filed a "Suggestion of Mootness" (which he later clarified was intended to secure a dismissal without prejudice) in *Hansmeier I*, as well as a Notice of Voluntary Dismissal in *Hansmeier II*. Rule 41(a) is clear that if "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B); *see also Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007).

23

The Court should take notice of Hansmeier's artful effort to obtain a dismissal of *Hansmeier I* by filing a "Suggestion of Mootness" rather than a Notice of Voluntary Dismissal in that case. But even if Hansmeier's creativity were enough to prevent the Court from considering the dismissal of *Hansmeier I* as triggering Rule 41(a)(1)(B), as a matter of law the Notice of Voluntary Dismissal of *Hansmeier II* resulted in an "adjudication on the merits" for issue preclusion purposes. *Engelhardt v. Bell & Howell Co.*, 299 F.2d 480, 484 (8th Cir. 1962). That a second voluntary dismissal operates as a judgment on the merits is supported by Rule 41 as well as principles of common sense and fairness: "It would seem that the two dismissal rule was propounded to meet just this kind of situation. Certainly the commencement of three separate actions against the same defendant for the same claim with . . . the necessary expense and inconvenience in connection therewith, the employment of counsel, [and] the removal of each case to federal court . . . may well have totalled up to be harassment (whether intentional or not) which the two dismissal rule sought to avoid or penalize." The fourth element is satisfied.

e. <u>The determination in the prior action must have been essential to the prior judgment</u>.

Judge Boasberg's determination that Hansmeier had "stated no plausible claim to relief" was essential to its dismissal of the suit. *See* Ex. H, Order, *Hansmeier v. Barr*, No. 20 C 1410, ECF No. 8 (D.D.C. July 16, 2020) (ordering dismissal "pursuant to 28 U.S.C. § 1915A(b)(1)" and advising Hansmeier that dismissal was "for failure to state a claim"). Indeed, there were no other articulated grounds to support dismissal of that action. Likewise, there is no suggestion that securing the dismissal of *Hansmeier I*, or the

voluntary dismissals of the case before Judge Brasel and *Hansmeier II*, fails to meet this requirement.   The fifth element is satisfied.   Res judicata bars Hansmeier's suit, and dismissal under Rule 12(b)(6) or summary judgment under Rule 56 is warranted.

### B.  Failure to State a Claim Upon Which Relief Can be Granted

Even if the Court concludes that the requirements of res judicata are not met, the case should nonetheless be dismissed for failure to state a claim upon which relief can be granted.

#### 1.  First and Fifth Amendment Claims Fail

To withstand a motion under Rule 12(b)(6), a complaint must plead sufficient facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577 (2007).  The Court must draw "all reasonable inferences in favor of the plaintiff," *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014), but it need not supply key facts that are not alleged.  *See, e.g.*, *Erickson v. Environ. Res. Mgmt.*, No. 19 C 13642, 2021 WL 118817, *2 (D.N.J. Jan. 13, 2021) ("The complaint does not supply facts from which I can draw reasonable inferences in support of these claims.").

"An as-applied challenge consists of a challenge to the statute's application only as-applied to the party before the court."  *Republican Party of Minn., Third Cong. Dist. v. Klobuchar*, 381 F.3d 785, 790 (8th Cir. 2004).   In the context of a First Amendment challenge, when the existence of a statute deters the exercise of First Amendment rights, "it is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974).   According to the void-for-vagueness

doctrine, a law is unconstitutional as applied if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008); *see also U.S. v. Ghane*, 673 F.3d 771, 776-78 (8th Cir. 2012).

In this case, Hansmeier simply does not allege sufficient facts pleading that he will undertake conduct at all relevant to the Challenged Statutes. As for the mail and wire fraud statutes, nowhere in his sprawling seventy-seven paragraph complaint does he allege any intention whatsoever to utilize the mail, wire, telephone, radio, or television systems. He alleges only that he seeks to "aid and encourage people," that he "has met and been contacted by people," that he will "[a]ssist[] interested people . . . by referring them to service providers," and that he will "[p]rovide assistance to any service providers." Compl., *Hansmeier IV*, ECF No. 1-1 ¶¶ 38-41. These allegations do not allege any conduct sufficient to state a claim upon which relief may be granted.

Likewise, Hansmeier does not allege in this case that he intends to undertake any activity covered by the extortion statute. Hansmeier does not allege that he will personally solicit settlements. Instead, he pleads that the "Access Network"—a non-party to this suit—may seek to distribute a document to unidentified recipients attached to the Complaint entitled "Deferred Enforcement Agreement Summary." *Id.*, Ex. 1. Even if the Court were to agree that Hansmeier could bring a claim on behalf of a non-party to this suit, the Deferred Enforcement Agreement Summary Hansmeier attaches does not appear to state that it seeks to obtain property of the recipient. Hansmeier has failed to enough facts to "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550

U.S. at 570.  Hansmeier fails to state a claim that the mail fraud, wire fraud, and extortion statutes are unconstitutional as applied to his pleaded conduct.  Dismissal of his First and Fifth Amendment claims is warranted.

### 2.  *"Separation of Powers" Claim Fails*

Hansmeier's argument that the Federal Defendants intrude upon Congress' authority by having authority to prosecute the Challenged Statutes is equally unavailing. The Eighth Circuit has recognized—as Judge Boasberg did—that the Attorney General, under whom the Federal Defendants operate, "acts within his authority when he delegates intra-agency to accomplish the duties given to him by Congress." *Reyes-Vasquez*, 395 F.3d at 906; *see also* 28 U.S.C. §§ 510, 541, 542.  Congress has specifically authorized the Attorney General, and by extension the U.S. Attorneys and Assistants U.S. Attorneys, to prosecute criminal offenses, including the mail fraud, wire fraud, and extortion statutes. 28 U.S.C. § 547.  Hansmeier's separation-of-powers claim also fails.

### 3.  Heck *Doctrine*

Hansmeier's constitutional claims also fail pursuant to the *Heck* doctrine.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  The *Heck* doctrine provides that a civil damages case cannot proceed if its success would necessarily imply the invalidity of a criminal conviction, unless the prisoner can demonstrate that his conviction or sentence has previously been reversed on direct appeal, expunged by executive order, or otherwise invalidated.  *Id.* at 487.  Although *Heck* involved a § 1983 claim, actions seeking non-monetary relief, such as Hansmeier's, may not proceed where they would call into question the lawfulness of his detention.  *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996)

(indicating that under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Smith v. Leslie*, No. 18-cv-3478, 2019 WL 2029502, *2 (D. Minn. Feb. 7, 2019) (SRN/SER) (applying *Heck* to claims for injunctive relief), *report and recommendation adopted*, 2019 WL 1058254 (D. Minn. Mar. 6, 2019); *Barnes v. U.S.*, No. 03-cv-3655, 2003 WL 22901891, *2 (D. Minn. Dec. 8, 2003) (MJD/JGL) (barring declaratory judgment claim under *Heck* where requested order "would undermine [plaintiff's] conviction"). Simply put, the *Heck* doctrine is intended to prevent a collateral attack on a conviction through the vehicle of a civil suit. *Heck*, 512 U.S. at 484-86. A claim barred by the *Heck* doctrine is subject to dismissal pursuant to Rule 12(b)(6). *See, e.g.*, *Cooke v. Peterson*, No. 12-cv-1587, 2012 WL 6061724, *2 (D. Minn. Dec. 6, 2012) (DSD/JJK).

As a threshold matter, Hansmeier's conviction has not been invalidated; to the contrary, it was recently affirmed by the Eighth Circuit. *U.S. v. Hansmeier*, No. 19-2386 (8th Cir. Feb. 10, 2021). Because Hansmeier's conviction stands, and because if Hansmeier were to prevail on his constitutional claims it would necessarily undermine his convictions, such causes of action are barred by the *Heck* doctrine. As already noted, Hansmeier already made such arguments in his criminal case and they were rejected. *See* Def.'s Mem. in Support of Pretrial Mot. to Dismiss, *U.S. v. Hansmeier*, No. 16 CR 334, ECF No. 49 at 5, 58-59 (JNE/KMM) (D. Minn. Apr. 24, 2017) (arguing that mail fraud and wire fraud counts were "constitutionally invalid" and that the theory of mail and wire fraud advanced by the government in his criminal case violated his First Amendment and

Fifth Amendment rights, as well as constitutional separation-of-powers concerns); Order, *id.*, ECF No. 76 (D. Minn. Sept. 8, 2017) (denying motion to dismiss).

Hansmeier cannot credibly argue that the instant suit is unrelated to his criminal conviction.  Indeed, in an apparent draft of a letter to counsel for the Federal Defendants that Hansmeier appears to have mistakenly mailed, Hansmeier specifically referred to the Federal Defendants having prosecuted him "based on their disdain for the law."  Decl. of AUSA Kristen Rau, Ex. 1 (Exhibit I).  In *Hansmeier II*, he specifically referred to his "criminal case that is at issue in this case."  Compl., *Hansmeier II*, ECF No. 1-1 ¶ 2. Hansmeier's latest effort is exactly what the *Heck* doctrine proscribes: a collateral attack on a conviction through the vehicle of a civil suit.  *Heck*, 512 U.S. at 484-86.  For this additional reason, the constitutional claims should be dismissed under Rule 12(b)(6).

### 4. Declaratory Judgment Claim Fails

Hansmeier's declaratory judgment claim also fails.   By Hansmeier's own admission, he seeks a declaratory judgment to obtain the Court's advance endorsement of possible future activity.  His claim boils down to a request for an advisory judgment, and "[t]he Supreme Court has long made clear that the declaratory judgment procedure 'may not be made the medium for securing an advisory opinion in a controversy which has not arisen.'"  *Diocese of St. Cloud v. Arrowood Indem. Co.*, No. 17 C 2002, 2018 WL 296077, *3 (D. Minn. Jan. 4, 2018) (JRT/LIB) (quoting *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945)).  The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be sought.  Any such
declaration shall have the force and effect of a final judgment or decree and
shall be reviewable as such.

28 U.S.C. § 2201.  In other words, "before a declaratory judgment may be entered, there

must be an actual controversy that is concrete and definite, touching the legal relations of

parties having adverse legal interests." *Bartol v. ACC Capital Holding Corp.*, No. 09 C

2718, 2010 WL 156448, *3 (DWF/JSM) (D. Minn. Jan. 11, 2010).  "[A] finding that no

controversy exists would justify granting a motion to dismiss under Fed. R. Civ. P.

12(b)(6)." *Wells v. Farmers Alliance Mutual Ins. Co.*, No. 07 C 36, 2008 WL 877873, *1

(E.D. Mo. Mar. 27, 2008).  Where a complaint lacks sufficient allegations to sustain a claim

for declaratory judgment, dismissal for failure to state a claim is warranted.  *Bartol*, 2010

WL 156448, *3.

Furthermore, just as Hansmeier's constitutional claims are *Heck*-barred, so is his

declaratory judgment claim.  *Barnes v. U.S.*, No. 03 C 3655, 2003 WL 22901891, *2

(MJD/JGL) (D. Minn. Dec. 8, 2003).  Hansmeier seeks a sweeping declaration that the

Challenged Statutes are unconstitutional as applied to him.  Such a far-reaching declaration

would impermissibly undermine Hansmeier's conviction.  The declaratory judgment claim

fails.

### 5.   *Injunctive Relief Claim Fails*

Hansmeier's injunction claim should also be dismissed because the complaint fails

to state a claim entitling him to such relief.  Hansmeier seeks "immediate injunctive relief"

in order to enjoin the Federal Defendants from "[e]nforcing or threatening to enforce" the

Challenged Statutes against Hansmeier in connection with his planned conduct relating to ADA enforcement.  Compl., *Hansmeier IV*, ECF No. 1-1, ¶¶ 66, 71, 77, Prayer for Relief.

Dismissal is warranted.  The Complaint is devoid of the sort of facts that must be pleaded to demonstrate entitlement to injunctive relief, namely (1) a likelihood of success on the merits; (2) a substantial threat that Hansmeier will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to Hansmeier outweighs any threatened harm the injunction may cause the Federal Defendants; and (4) that the injunction would be in the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).  The party seeking injunctive relief bears the burden of proof with regard to each of the factors.  *Doe v. LaDue*, 514 F. Supp. 2d 1131, 1135 (DSD/SRN) (D. Minn. 2007).

Hansmeier cannot show that he has a likelihood of success on the merits.  To the contrary, for the reasons already discussed, he is not likely to prevail.  Nor has Hansmeier made any effort to plead how he will suffer "irreparable" injury in the absence of an injunction, or that the threatened injury to him without equitable relief would outweigh harm to the Federal Defendants if the Court grants an injunction.  His repeated incantations that the Federal Defendants are causing "ongoing and irreparable harm" are not enough. *Stennes v. Summit Mortg. Corp.*, No. 12 C 913, 2012 WL 5378092, *5 (SRN/AJB) (D. Minn. July 11, 2012), *report and recommendation adopted*, 2012 WL 5378086 (D. Minn. Oct. 31, 2012), *aff'd*, 513 Fed. App'x 631 (8th Cir. 2013) (per curiam).  Finally, though Hansmeier purports to believe that his planned conduct serves some public interest, his Complaint does not adequately allege that the *injunction* he requests serves the public

31

interest.  To the contrary, as already noted, the Federal Defendants are responsible pursuant to the Attorney General's delegated authority for enforcing federal criminal law, 28 U.S.C. § 547; the Federal Defendants thus have a strong interest in, and the public interest is served by, preserving prosecutorial discretion that would be undermined by an order enjoining them from discharging this duty.  The injunction claim fails.

## C.  Additional Considerations

### 1.  Dismissal of Complaint in its Entirety

To the extent Hansmeier asserts any claims against Portland Corporate Center, LLC, in this matter—something that remains unclear in the absence of any actual pleaded factual allegations or claims against that defendant—such claims should also be dismissed.  As the Court has observed, Portland Corporate Center, LLC was not properly served in this matter. Order, *Hansmeier I-XVI*, No. 21 C 1167, ECF No. 38 at 6 n.4 (D. Minn. Aug. 17, 2021). The Complaint in *Hansmeier IV* was removed to federal court and filed on May 6, 2021. More than 90 days have now passed without proper service on Portland Corporate Center, LLC.  Pursuant to Rule 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time."  The Court should dismiss any claims against Portland Corporate Center, LLC, to the extent Hansmeier pleads any.  The Complaint should be dismissed in its entirety.

## 2.  *Request for Filing Restriction*

For the reasons set forth above, Hansmeier's claims are without merit.  This suit, as well as the slew of duplicative cases Hansmeier has brought against Acting U.S. Attorney Folk, U.S. Attorney MacLaughlin, and former U.S. Attorney Langner, are clearly harassing.  Hansmeier's abuse of judicial process has intentionally burdened the U.S. Attorney's Office responsible for Hansmeier's criminal prosecution, deliberately clogged the dockets of the U.S. District Court that oversaw it, and wasted taxpayer-funded resources.  The Federal Defendants request that the Court consider assessing attorneys' fees against Hansmeier.  In addition, the Federal Defendants request that the Court place a filing restriction on Hansmeier.

The Federal Defendants need not again summarize Hansmeier's litigation in the U.S. District Courts for the District of Columbia, the Western District of Wisconsin, and the District of Minnesota.  It suffices to emphasize that Hansmeier has initiated dozens of lawsuits against Acting U.S. Attorney Folk, Assistant U.S. Attorney MacLaughlin, and former Assistant U.S. Attorney Langner, raising the same issue again and again.  Even after being advised in early February 2021 that former Assistant U.S. Attorney Langner is no longer a federal employee, months later Hansmeier was continuing to initiate suits against him for declaratory and injunctive relief that could not reasonably be expected to be recoverable from a member of the public who is a private citizen.  Decl. of Benjamin Langner, *Hansmeier I*, ECF No. 45 (corrected exhibit filed Feb. 1, 2021) (clearly stating that Langner was "no longer an employee of the federal government"); *see, e.g.*, Compl., *Hansmeier V*, ECF No. 1-1 (D. Minn.) (dated by Hansmeier May 7, 2021).  Even now,

33

nearly seven months later, Hansmeier has refused to voluntarily dismiss former Assistant U.S. Attorney Langner in *Hansmeier V*.

"[A]lthough pro se litigants have a right of access to the courts, that right does not encompass the filing of frivolous, malicious, or duplicative lawsuits." *Anderson v. Butts, et al.*, No. 21 C 937, 21 C 971, 21 C 972, 21 C 1022, 21 C 1023, 2021 WL 1811846, *2 (SRN/DTS) (D. Minn. May 6, 2021). A court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (per curiam); *Westley v. Bryant*, No. 14 C 5002, 2015 WL 2242161, *10 (D. Minn. May 12, 2015) (discussing source of authority as All Writs Act and inherent judicial authority). "These restrictions may be directed to provide limitations or conditions on the filing of future suits." *In re Tyler*, 839 F.2d 1290 at 1292-93. Courts in this district have imposed such restrictions where vexatious litigants have "unnecessarily burdened the Court with fanciful claims," *Stayton v. Mower Cty. Sheriff Office*, No. 19 C 1294, 2020 WL 736683, *4 (D. Minn. Jan. 29, 2020), *report and recommendation adopted*, 2020 WL 733105 (D. Minn. Feb. 13, 2020) (DWF/TNL), or otherwise employed abusive litigation tactics. *See, e.g.*, *Jackson v. Ossell*, No. 17 C 5483, 2019 WL 10890196, *3 (JRT/BRT) (D. Minn. Aug. 8, 2019); *Rickmyer v. ABM Security Servs., Inc.*, No. 15 C 4221, 2016 WL 1248677, *5 (JRT/FLN) (D. Minn. Mar. 29, 2016); *Kolosky v. State of Minn, et al.*, No. 05 C 1350, 2006 WL 752937, *3 (JRT/FLN) (D. Minn. Mar. 22, 2006), *aff'd*, 256 F. App'x 854 (8th Cir. 2007) (per curiam). The Eighth Circuit has itself ordered the imposition of filing

34

restrictions where a litigant has pursued "frivolous and vexatious" litigation.  *See, e.g.*, *Sassower v. Carlson*, 930 F.2d 583, 584 (8th Cir. 1991) (per curiam).

To determine whether a filing injunction is warranted, a court considers the following four factors: "(1) the party's history of litigation, particularly whether [the party] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had an objectively good faith basis for pursuing the litigation; (3) whether the party has caused needless expense to other parties or has posed an unnecessary burden on the courts; and (4) whether other sanctions would adequately protect the court and other parties." *Fleming v. Wells Fargo Home Mortg.*, No. 15 C 2683, 2015 WL 5158707, \*5 (PJS/HB) (D. Minn. Sept. 2, 2015) (internal citation and quotation marks omitted). If a court imposes a restriction it should not impose one "so burdensome that it denies [a party] meaningful access to the courts." *Smith v. Ghana Comm. Bank, Ltd.*, No. 10 C 4655, 2012 WL 2930462, \*16 (DWF/JJK) (D. Minn. June 18, 2012) (internal citation and quotation marks omitted). A court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue," and should allow the subject of a potential filing restriction sufficient "notice and opportunity to be heard." *In re Pointer*, 345 F. App'x 204, 205 (8th Cir. 2009) (internal citations and quotation marks omitted).

Each of the four factors supports an appropriately tailored filing restriction. ***First***, Hansmeier's activities are a plainly harassing use of this Court's process.  In response to the Federal Defendants' previous request for a filing restriction, Hansmeier countered that the motion was "premature until [he] has actually engaged in vexatious conduct."  Mem. in Opp. to Motion for Filing Restriction, *Hansmeier I* (as lead case), ECF No. 86, at 6 (D.

35

Minn. July 6, 2021).  Surely, that time has come.  While his long history of lying to judges and abusing judicial process is well-established, this filing restriction is not based on his past conduct.  *See U.S. v. Hansmeier*, 988 F.3d 428 (8th Cir. 2021); Plea Agreement, *U.S. v. Hansmeier*, No. 16 CR 334, ECF No. 103 at 4-5 (admitting misrepresentations to courts).  The requested restriction is sought here because of the proliferation of dozens of harassing and vexatious lawsuits Hansmeier is now pursuing.  The repetitive nature of his filings and their rapidly increasing number suggest that Hansmeier intends to be vexatious.

**Second**, it appears clear that Hansmeier's lawsuits are little more than an attempt to harass his former federal criminal prosecutors.  *See* Ex. E, Rau Decl., Ex. 1 (attaching letter from Hansmeier stating, "If you have any practical suggestions for defeating internet-based piracy and realizing the vision of the Americans With Disabilities Act without your clients prosecuting me based on their disdain for the law, then I am all ears.").  As already noted, Hansmeier admitted in *Hansmeier II* that his "criminal case . . . is at issue in this case."  Compl., *Hansmeier II*, ECF No. 1-1 ¶ 2.  Any argument that the instant suits are rooted in a good faith basis, rather than an effort to seek revenge for his criminal convictions, is unconvincing.

**Third**, there can be no dispute that the manner and volume of Hansmeier's suits has necessitated the expenditure of considerable resources by the U.S. Attorney's Office and the Court that would otherwise have been directed to other, meritorious matters.  Hansmeier's litigation campaign against Acting U.S. Attorney Folk, Assistant U.S. Attorney MacLaughlin, and former Assistant U.S. Attorney Langner has consumed almost a year of briefing, motion practice, and judicial resources.

*Fourth*, no sanction short of a filing restriction would prevent this vexatious conduct from recurring.  For one thing, despite numerous orders of the Court advising Hansmeier that it will not consider filings pending the outcome of the instant motion to dismiss, Hansmeier has continued to attempt to burden the Court and the Federal Defendants with unpermitted motions and other submissions.  It is clear he has little regard for the authority of this Court or appropriate litigation conduct.  And Hansmeier has been clear: "I have more cases on the way[.]"  Ex. I, Rau Decl., Ex. 1.  His abusive filings are plainly insufficient to provide the individuals and entities named alongside the Federal Defendants with reasonable notice of any legitimate claim, Fed. R. Civ. P. 8, and the undersigned has been advised by members of the public, various businesses, and their counsel that Hansmeier's vexatious litigation has provoked significant confusion, distress, and embarrassment.  Ex. E, Rau Decl. ¶ 2.  Hansmeier has presented himself to this Court as a reasonable litigant with no goal other than to "seek[] to aid and encourage people with disabilities to engage in an investigation . . . to address. . . discrimination against people with disabilities."  Compl., *Hansmeier* IV, ECF No. 1-1, ¶ 10 (D. Minn. May 6, 2021). The reality is more troubling.  In correspondence provided to the undersigned by one of Hansmeier's targets, a member of the public, the tone is clear: "[Y]ou are legally responsible for reimbursing me for service costs. . . . [Y]ou will have created a $2,000 (estimate) problem for yourself.  I hope you can see the benefit of just making the reimbursement when I ask you to do so . . . . I am willing to dismiss my claims against you in exchange for a payment of $500 and your agreement to refrain from using the website Pornhub.com in the future."  Ex. E, Rau Decl., Ex. 2 (redacted without filing under seal

pursuant to L.R. 5.6(a)(3)).  The Court should carefully consider any response to this filing restriction request by Hansmeier about his aims in this (and other) litigation.   An appropriately tailored filing restriction is warranted.

The Federal Defendants respectfully request that Hansmeier be placed under an appropriately tailored filing restriction providing that, in the event Hansmeier initiates in the United States District Court for the District of Minnesota without the express prior written permission of the Chief Judge of the U.S. District for the District of Minnesota (1) any copyright infringement action seeking relief against the U.S. Attorney General, Acting U.S. Attorney Folk, any future U.S. Attorney for the District of Minnesota, Assistant U.S. Attorney MacLaughlin, former U.S. Attorney Langner, or the U.S. Attorney's Office for the District of Minnesota, or (2) any private enforcement action under the ADA seeking relief against the U.S. Attorney General, Acting U.S. Attorney Folk, any future U.S. Attorney for the District of Minnesota, Assistant U.S. Attorney MacLaughlin, former U.S. Attorney Langner, or the U.S. Attorney's Office for the District of Minnesota, the Clerk would be directed to immediately close such case and the Court would dismiss it without prejudice.  Further, any action removed to the U.S. District Court for the District of Minnesota that otherwise fits the descriptions of categories (1) and (2) above would be subject to immediate closure by the Clerk and dismissal without prejudice by the Court. Such a restriction would not bar Hansmeier from bringing a meritorious and non-frivolous action in the event he obtains prior court approval.

## CONCLUSION

For the foregoing reasons, the Court should grant the Federal Defendants' motion to dismiss and/or for summary judgment and impose the requested filing restriction.


                                        Respectfully submitted,

Dated:  August 30, 2021                 W. ANDERS FOLK
                                        United States Attorney

                                        *s/ Kristen E. Rau*

                                        BY:  KRISTEN E. RAU
                                        Assistant U.S. Attorney
                                        Attorney ID No. 0397907
                                        600 U.S. Courthouse
                                        300 South Fourth Street
                                        Minneapolis, MN 55415
                                        Kristen.Rau@usdoj.gov
                                        (612) 759-3180

                                        *Attorneys for the Federal Defendants*