RECEIVED BY MAIL
SEP 03 2021
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PAUL HANSMEIER, <br>    Plaintiff, <br> v. <br><br> DAVID MACLAUGHLIN, et al, <br>    Defendants. | No. 21-cv-1167 (JRT/LIB) <br><br> REQUEST FOR A HEARING <br><br> Expedited Relief Requested |

    Plaintiff Paul Hansmeier respectfully requests that the Court hold a hearing regarding Hansmeier's placement in administrative detention on account of Hansmeier's efforts to access the courts in this matter and the other matters consolidated with this one. The interests of case management favor this request because the motion to dismiss briefing contemplated in the Court's August 17, 2021 is impracticable until Hansmeier reenters the general population.

    At the hearing, Hansmeier would seek to establish that he has been the subject of unlawful retaliation based on his efforts to access the courts. Hansmeier would seek an order instructing the Federal Defendants to cease their unlawful retaliation and would entrust to the Court's discretion as to what, if any, remedial sanctions are warranted.

    In brief, at the hearing Hansmeier would show that on June 1, 2021, he served the Federal Defendants with eleven complaints and that he started to experience retaliation the very next day. Hansmeier would further show that he was placed in administrative detention — which requires a finding that the detainee poses a "serious threat" to someone at his institution (think fights, intoxication or extreme insolence) — and has been kept


SCANNED
SEP 03 2021
U.S. DISTRICT COURT MPLS

there for the extraordinary length of 80 days. Hansmeier would still further show that he will be subject to a retaliatory transfer (or "diesel therapy," as it is referred to in the BOP) as early as September 15th, 2021. Hansmeier will demonstrate that all of the foregoing took place on account of his actions in this and the cases consolidated with it. Finally, Hansmeier would explain how continuing to litigate the motion to dismiss would be impracticable from administrative detention and impossible from diesel therapy. The unusually suggestive timing of the BOP's retaliation, according to case law, is sufficient for the Court to draw an inference as to the Federal Defendants' involvement.

Hansmeier shares the Court's view that a motion to dismiss is the natural next step in this case. Indeed, in the case that this case is modeled after, the progression was a motion to dismiss, followed by discovery, followed by cross motions for summary judgment. If he were in general population, Hansmeier would be patiently awaiting the Federal Defendants' motion to dismiss. But Hansmeier isn't in general population.

With this request for a hearing, Hansmeier will have done everything he can think of to attempt to put this issue before the Court. If the Court wishes to act on this request, Hansmeier asks that it do so on or before September 10, 2021. If the Court declines to act, then Hansmeier will have to act to avoid a scenario of defaulting on the Federal Defendants' motion to dismiss because, for example, Hansmeier did not even receive it.

Respectfully Submitted,

August 29, 2021

Paul Hansmeier
20955-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072