UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 21-CV-1167 (JRT/LIB)

PAUL HANSMEIER,

          Plaintiff,

          v.

DAVID MACLAUGHLIN, BENJAMIN LANGER, ANDERS FOLK; and PORTLAND CORPORATE CENTER, LLC,

          Defendants.

**REPLY MEMORANDUM IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS AND/OR RULE 56 MOTION FOR SUMMARY JUDGMENT**

## Introduction

The complaint fails as a matter of res judicata and for failure to state a claim. Hansmeier's response is yet another effort to distract this Court. Dismissal or summary judgment is warranted.

## Argument

### I.    Complaint Fails to State a Claim

The complaint fails to state a claim. The First and Fifth Amendment claims are not adequately pleaded. In response to the Federal Defendants' recognition that he failed to allege facts implicating the Challenged Statutes, Hansmeier urges the Court to assume that he could or, alternatively, argues that he is not required to allege any such facts.[1] Pl. Resp. at 4-6. The Federal Defendants previously argued that the Court need not afford Hansmeier

---

[1] Hansmeier's attempt to amend his pleading in his response brief is improper and should be rejected. *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989).

extra deference as a *pro se* litigant given that he was a licensed attorney with extensive litigation experience before he was disbarred. *Garcia v. Bank of America, N.A.*, No. 13 C 383, 2014 WL 5685518. *1 n.2 (DWF/LIB) (D. Minn. Feb. 5, 2014) (declining to liberally construe filings of disbarred attorney) (internal quotation marks omitted). But even if it did, it is well-settled that a Court "will not supply facts that are not alleged that might support the plaintiff's claim." *Baker-Ottem v. Goodhue Cty.*, No. 19 C 186 (WMW/DTS), 2020 WL 3668786, *2 (D. Minn. Apr. 17, 2020) (Schultz, M.J.), *report and recommendation adopted*, 2020 WL 3642323 (D. Minn. July 6, 2020). It is also well-settled that it is a litigant's burden at the pleading stage to allege facts that "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Hansmeier has not done so, and the First and Fifth Amendment claims fail.

The "Separation of Powers" claim likewise fails. Hansmeier responds that his claim is not against the Attorney General and his delegation of prosecutorial power to the U.S. Attorney, but rather it is against "the risk that the Challenged Statutes authorize an extra-Constitutional method of creating and interpreting laws and concentrates this power in the hands of the Attorney General." Pl. Resp. at 6. This is a distinction without a difference. The complaint is clear that it purports to assert claims against the Federal Defendants. *See, e.g.*, Compl. ¶ 76. Finally, even if the Court were to credit Hansmeier's new framing of this claim as somehow against the Challenged Statutes themselves, rather than against the Attorney General's delegates, Hansmeier does not bother to address why he brought suit

against the U.S. Attorney and his former criminal prosecutors instead of Congress. Hansmeier's post-hoc interpretation of this claim is not compelling.

Hansmeier suggests that if it "would make the Court more comfortable for these allegations to be in the Complaint, then it may order Hansmeier to submit an amended complaint with these allegations." Pl. Resp. at 4.   Similarly, he suggests that any dismissal be should be "without prejudice so that he may submit an amended claim."   *Id.* at 6. Hansmeier has not actually moved for leave to amend his complaint in this case, nor has he bothered to submit a proposed amended pleading.   *Drobnak v. Andersen Corp.*, 561 F.3d 778, 787-88 (8th Cir. 2009); *see also* Local Rule 15.1(b).   Amendment would not save these claims in any event given the application of res judicata as described below.   Finally, as argued in the Federal Defendants' motion, to the extent Hansmeier asserts independent declaratory judgment or injunctive relief claims, those efforts also fail.   For these reasons as well as pursuant to the *Heck* doctrine, dismissal for failure to state a claim is warranted.

## II.   Res Judicata Bars Suit

Even if the Court agrees with Hansmeier and finds that the Complaint states a claim, it is still doomed because it is barred by res judicata.   This case should not proceed.

As already argued, the five elements of res judicata are satisfied here: "1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; 2) the issue sought to be precluded must be the same as the issue involved in the prior action; 3) the issue sought to be precluded must have been actually litigated in the prior action; 4) the issue sought to be precluded must have been determined by a valid and final judgment; and 5) the determination in the prior action must have been

3

essential to the prior judgment." *Sandy Lake Band of Mississippi Chippewa v. U.S.*, 714 F.3d 1098, 1102-03 (8th Cir. 2013).

Hansmeier counters that because he has never brought ADA-enforcement claims relating specifically to Portland Corporate Center, LLC, his claims in the instant case cannot be barred. But he cannot ignore that he brought practically identical enforcement claims against the Federal Defendants in his suit before Judge Boasberg, which was dismissed for failure to state a claim. Order, *Hansmeier v. Barr*, ECF No. 7, No. 20 C 1410 (July 16, 2020) (Boasberg, J.). That case provides a sufficient basis, even on its own, to conclude that res judicata applies here.

But there is more. Hansmeier *also* cannot dispute that he brought ADA-enforcement claims against the Federal Defendants in a suit before Judge Brasel that he voluntarily dismissed; it is this voluntary dismissal that renders his later voluntary dismissal of *Hansmeier II* an "adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B); Notice of Voluntary Dismissal, *Hansmeier v. MacLaughlin, et al.*, No. 20 C 2156, ECF No. 38 (JRT/LIB) (May 21, 2021); Notice of Voluntary Dismissal, *Hansmeier v. MacDonald, et al.*, No. 20 C 1315, ECF No. 19 (NEB/LIB) (July 29, 2020). In other words—even setting aside both Judge Boasberg's dismissal and Hansmeier's game-playing in *Hansmeier I*—there is still another sufficient basis for the application of res judicata here. Hansmeier's argument that the overlap between his already-litigated claims "is insufficient to establish that they are the 'same'" is contradicted by the pleadings themselves, as amply demonstrated by the chart of claims in the Federal Defendants' motion. Defs.' Br. at 14-18. These suits allege duplicative First Amendment, Fifth

4

Amendment, separation of powers, declaratory judgment, and injunctive relief claims against the Attorney General and/or his delegates relating to litigation activities Hansmeier claims he wishes to undertake and for which he seeks anticipatory judicial approval. Issue preclusion applies to an issue of fact or law litigated in a prior suit, regardless of "whether or not the *issue* arises on the same or a different *claim*." *New Hampshire v. Maine*, 532 U.S. 742, 748-749 (2001) (emphasis added); *Sandy Lake Band*, 714 F.3d at 1102 (*citing New Hampshire*). This suit is barred.

Hansmeier offers a last-ditch argument: that because the complaint in *this* case does not use the word "pursuing," as did the complaint in the case before Judge Boasberg, this matter cannot possibly be precluded. Pl. Resp. at 2-3. This argument is unpersuasive. Hansmeier's statements to this Court that Judge Boasberg's was a "jurisdictional dismissal," and that the prior case was dismissed "for lack of subject matter jurisdiction," Pl. Resp. at 2-3, are not accurate descriptions of that Court's opinion. Judge Boasberg clearly stated that dismissal under § 1915A was warranted because Hansmeier had "stated no plausible claim to relief." Order, *Hansmeier v. Barr*, ECF No. 7, No. 20 C 1410 (July 16, 2020) (Boasberg, J.). Further, nothing in the dismissal suggested that it hinged solely on Hansmeier's use of a single word in his pleading. Indeed, as a general matter, issue preclusion does not apply only where an initial and subsequent pleading use identical words. *New Hampshire*, 532 U.S. at 748-749. If res judicata only applied in cases where litigants pleaded a single magic word twice, it would be stripped of all effect. This case meets all requirements for res judicata. Dismissal or summary judgment is warranted.

## III.     Additional Considerations

The Court entered a briefing schedule on this motion in August 2021.  Order, ECF No. 38 (Aug. 17, 2021).  The Court also stayed proceedings in a litany of like cases filed by Hansmeier and ordered that the stay "shall apply automatically to actions later instituted in or removed to this Court that involve allegations by Plaintiff that the Challenged Statues, as enforced by the Federal Defendants, are unconstitutional."  *Id.* ¶¶ 5-6.

Hansmeier thereafter initiated a new lawsuit.  *Hansmeier v. Fikes, et al.*, No. 21 C 1979 (D. Minn.) (PAM/DTS) (filed September 3, 2021).  That latest matter alleges claims against various unserved federal defendants not named in the instant matter.  In relevant part, Hansmeier's newest complaint purports to allege as-applied First Amendment claims against the Bureau of Prisons related to his copyright and ADA-enforcement activity. Hansmeier has not advised this Court of his most recent litigation, which appears to have been drafted to fall just outside the four corners of the Court's Order by naming federal defendants other than the Federal Defendants.

Hansmeier argues that the Federal Defendants' renewed request for a filing restriction is improper.  This argument is yet another attempted distraction.  In its Order, the Court specifically recognized that this action "will allow the Court to address additional motions brought by the parties, *namely whether a filing restriction is warranted[.]*"  Order, ECF No. 38 (Aug. 17, 2021).  For the multitude of reasons already addressed in the Federal Defendants' motion—the abusive volume of duplicative suits, the harassment of members of the public, the delay in voluntarily dismissing former Assistant United States Attorney Langner as a defendant in his suits (and his failure to do so to date in *Hansmeier v. David*

6

CASE 0:21-cv-01167-JRT-LIB  Doc. 54  Filed 01/03/22  Page 7 of 7

*MacLaughlin, Benjamin Langer, Anders Folk, and Ashton Pankonin*, No. 21 C 1426 (JRT/LIB) (D. Minn.))—a filing restriction is warranted here. Hansmeier's latest game-playing drives home that in the absence of a restriction, he will not stop abusing the judicial resources of the District of Minnesota. This is surely the rare plaintiff that calls out for an appropriately tailored filing restriction.

### Conclusion

For the foregoing reasons, dismissal or summary judgment is warranted.

Respectfully submitted,

Dated:  January 3, 2022

CHARLES J. KOVATS, Jr.
Acting United States Attorney

*s/ Kristen E. Rau*

BY:  KRISTEN E. RAU
Assistant U.S. Attorney
Attorney ID No. 0397907
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Kristen.Rau@usdoj.gov
(612) 759-3180

*Attorneys for the Federal Defendants*