TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

---

FROM: 20953041
TO:
SUBJECT: 21-cv-1167 - Request for Leave
DATE: 01/12/2022 12:44:53 PM

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
21-CV-1167

RECEIVED BY MAIL
JAN 18 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
JAN 18 2022
U.S. DISTRICT COURT MPLS

---

PAUL HANSMEIER,
   Plaintiff,

v.                                              REQUEST FOR LEAVE TO FILE MOTIONS TO AMEND FOR DISCOVERY AND
~~TO STRIKE~~                                   TO STRIKE
DAVID MACLAUGHLIN, et al,
   Defendants.

---

Plaintiff Paul Hansmeier respectfully requests permission to file motions to amend his complaint, for discovery and to strike.

The Court entered an order inviting the Federal Defendants to file a motion to dismiss and staying all other matters in this case pending its ruling on the Federal Defendants' motion to dismiss. The Federal Defendants have filed their motion to dismiss, but they also filed unauthorized motions for summary judgment and for a filing restriction.

   I. Request for Leave to File a Motion to Amend.

The Federal Defendants have filed a motion to dismiss. In that motion to dismiss, the Federal Defendants argue that Hansmeier's complaint fails to state a claim because it fails to allege that Hansmeier will use the mails or wires in connection with the activities at issue in the complaint, among other arguments. In response, Hansmeier made several arguments, including the argument that these allegations could easily be added to his complaint if the Federal Defendants were going to insist on that formality. The Federal Defendants' reply makes clear that they are insisting on this formality. Hansmeier respectfully requests leave to file a motion to amend his complaint to add these allegations and to make other amendments to his complaint to moot the pleading deficiencies alleged by the Federal Defendants. Leave to amend is generally freely granted; a request to file a motion to amend should also be freely granted, if not more freely granted. Hansmeier's motion would not materially delay these proceedings; Hansmeier does not intend to add any claims and would have no objection to the Court ruling on the pending motion to dismiss as applied to Hansmeier's amended complaint.

   II. Requests for Leave to Take Discovery and to File a Motion to Strike.

In addition to filing a motion to dismiss, the Federal Defendants blatantly violated the Court's stay order by filing a motion for summary judgment and yet another motion for a filing restriction. The Magistrate Judge has rigorously enforced the Court's stay order against Hansmeier, but has not done so with respect to the Federal Defendants' motions---perhaps because they were filed in tandem with the motion to dismiss, which is not automatically assigned to the Magistrate Judge. Whatever the explanation, there is no apparent reason why the Federal Defendants should be allowed to file motions in violation of the Court's stay order.

Hansmeier should be allowed to file a motion for leave to take discovery so that he may defend against the Federal Defendants' unauthorized motions. In addition, Hansmeier should be allowed to file a motion to strike the Federal Defendants' unauthorized motions.

   A. Request for Leave to Take Discovery.

As for Hansmeier's request for leave to file a request to take discovery, the Federal Defendants' motions for a filing restriction and summary judgment rely heavily on evidence that is outside of the complaint, but Hansmeier has not had an opportunity to take discovery regarding these matters. There are several matters that would benefit from additional discovery. For example, the Federal Defendants have made the claim that Hansmeier's claims are causing confusion and fear among the non-

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

--------------------------------------------------------------------------------

government defendants to Hansmeier's claims. However, the Federal Defendants do not identify whom, specifically, is confused or scared or what the nature of this confusion or fear is. Discovery would allow Hansmeier to ascertain whether there is any factual basis to the Federal Defendants' claim. If, for example, the "confusion and fear" associated with Hansmeier's claims is nothing more than the stress that is inherent in litigation, then it would not be a valid consideration for the Court to weigh when it considers whether to impose a filing restriction. Moreover, if the "confusion and fear" is something more than a litigation burden, then discovery would assist Hansmeier in modifying his litigation methods so as to dispel any unnecessary confusion or fear; there is no reason why Hansmeier's constitutional claims should be causing confusion or fear in anyone. Finally, discovery would help Hansmeier ascertain why the Federal Defendants believe that confusion and fear experienced by third-parties is relevant to a filing restriction that prevents Hansmeier from asserting claims against the Federal Defendants.

By way of another example, the Federal Defendants have claimed that Hansmeier's litigation is imposing an outsized burden on their office. Hansmeier is very doubtful that his claims are imposing much of a burden at all on the Federal Defendants' office, and discovery of the Federal Defendants' time records would help Hansmeier prove this point.

By way of a third example, the Federal Defendants are supporting their motion for summary judgment with the claim that Hansmeier's claims are barred by res judicata and the "two dismissal rule." As it relates to res judicata, the Federal Defendants cite exclusively to Judge Boasberg's dismissal without prejudice in Hansmeier v. Barr in a claim involving constitutional challenges to the federal mail fraud and wire fraud statutes and the Hobbs Act as applied to copyright enforcement claims. Despite all of the briefing that has occurred in this matter, the Federal Defendants have not identified any factual overlap between the claims at issue in the Judge Boasberg matter and the claims at issue in this matter. Discovery would assist Hansmeier and the Court in pinning down what, exactly, the Federal Defendants' position is. As for the "two dismissal rule," despite all of the briefing in this matter the Federal Defendants have identified only one dismissal---i.e., the voluntary dismissal in the Judge Brasel matter---as a potentially relevant dismissal for purposes of the two dismissal rule. Discovery would help Hansmeier and the Court ascertain what other dismissal the Federal Defendants are relying on for their "two dismissal rule" argument; if there is no other dismissal then it would be very clear that the "two dismissal" rule cannot possibly be applied under the circumstances.

Because the Federal Defendants have filed their motion for a filing restriction at a time when Hansmeier is barred from taking discovery, Hansmeier has no ability to obtain the discovery that would help him rebut the Federal Defendants' factual assertions. Hansmeier should at least be able to file a motion seeking this discovery and other discovery that would be relevant to the issues rasied in the Federal Defendants' unauthorized motions.

    B. Motion to Strike.

The Court should allow Hansmeier to file a motion to strike as a sanction based on the Federal Defendants' improper conduct. The Federal Defendants' improper conduct falls into two categories.

First, the Federal Defendants' motions were filed in violation of the Court's stay order. The Court's order stay was crystal clear: it prohibited the Federal Defendants from filing any motions other than a motion to dismiss. The Court's order did not invite motions for summary judgment or yet another motion for a filing restriction. The appropriate sanction for the Federal Defendants' violation of the Court's order is to strike the unauthorized motions.

Second, the Federal Defendants have resorted to misstatements to support their motion for a filing restriction. In their reply brief in support of their motion for a filing restriction, the Federal Defendants impugned Hansmeier by alleging that he failed to notify the Court of his complaint in Hansmeier v. Fikes, 21-cv-1979 (D. Minn.) and by alleging that Hansmeier failed to dismiss Benjamin Langer from a case. The Federal Defendants' allegation regarding Hansmeier v. Fikes is false. The Court may take judicial notice that Hansmeier filed a notice of potentially related cases in that matter. Moreover, though not disclosed by the Federal Defendants, Hansmeier sent a letter to counsel for the Federal Defendants to notify her of the case; if the Federal Defendants believed that the Court needed more notification than what Hansmeier provided then they could have provided it.

As for Benjamin Langer, Hansmeier voluntarily dismissed Mr. Langer from his cases after he was informed of Mr. Langer's departure from public service. There is a remaining case in which Benjamin Langer is a defendant, but in that case Hansmeier long ago filed a motion to dismiss Benjamin Langer from the case. That motion remains pending due to the various case management orders that have been entered by the Magistrate Judge and the Court, which are matters outside of Hansmeier's control. It is misleading, to put it mildly, for the Federal Defendants to suggest that Hansmeier is somehow acting improperly with respect to Benjamin Langer in the remaining case.

Hansmeier does not mean to suggest that the foregoing instances of misconduct are the only instances of misconduct on the part of the Federal Defendants. For example, the Federal Defendants "support" their renewed motion for a filing restriction with

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

---

a letter that is inauthentic---despite being on actual notice of the letter's inauthenticity. Moreover, in a breathtakingly misleading submission, the Federal Defendants attached as an exhibit a settlement proposal Hansmeier sent with respect to a case that is not before this Court and describe the settlement proposal as if it were issued with respect to the cases that are actually before the Court. Such conduct should not be countenanced by the Court; Hansmeier should be given an opportunity to file a motion to strike these misleading submissions---if for no other reason than to prevent the Court from basing its ruling on inaccurate facts.

Finally, the Federal Defendants' motions, and in particular their motion for a filing restriction, is objectively meritless, in violation of their professional obligations. The motion that is presently before the Court asks the Court to prevent Hansmeier from filing copyright or Americans With Disabilities Act claims against the Federal Defendants---claims that Hansmeier has never brought or intended to bring against the Federal Defendants. When alerted to the baselessness of their request, the Federal Defendants did not withdraw it; rather, the Federal Defendants resorted to asking the Court to "do something"---as if such an open ended request satisfies the essential "notice" requirement of Due Process that would allow Hansmeier to address whatever it is that the Federal Defendants are currently asking the Court to do.

The Court should authorize Hansmeier to file a motion to strike so that these matters may be properly put before the Court.

III. Conclusion.

The Court should grant Hansmeier's request.

Respectfully submitted,

*[signature]*

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

Date: January 12, 2022