UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PAUL R. HANSMEIER,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MACLAUGHLIN; W. ANDERS FOLK; and PORTLAND CORPORATE CENTER, LLC,<br>Defendants. | Civil No. 21-1167 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND MOTION FOR FILING RESTRICTIONS** |

Paul R. Hansmeier, Reg. No. 20953-041, Federal Correctional Institution, PO Box 1000, Sandstone, Minnesota, 55072, *pro se* plaintiff.

Kristen E. Rau, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendants.

Plaintiff Paul R. Hansmeier, proceeding pro se, has filed at least sixteen actions in this district alone challenging the constitutionality of the federal mail fraud, wire fraud, and extortion statutes (the "Challenged Statutes") against David MacLaughlin and W. Anders Folk (the "Federal Defendants"). The Court stayed the proceedings of the other active cases pending resolution of the motion to dismiss presently before the Court in this case. Because Hansmeier has litigated this exact issue not once, but at least twice before, and because all other elements of issue preclusion are met, Hansmeier's claims are barred by res judicata, and the Court will grant Federal Defendants' Motion to Dismiss. The Court will also dismiss Hansmeier's Complaint against Defendant Portland Corporate Center, LLC ("Portland") for failure to effectuate service under Rule 4. Furthermore, because

Hansmeier has shown he has no reservations in filing frivolous, meritless, duplicative and arguably harassing lawsuits against the Federal Defendants, the Court will impose appropriately tailored filing restrictions against him.

**BACKGROUND**

Hansmeier is currently serving a 168-month sentence at FCI-Sandstone. (Compl., at 3, May 6, 2021, Docket No. 1.) In 2018, Hansmeier, then a licensed attorney, pled guilty to conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (*United States v. Hansmeier*, No. 16-334 (JNE/KMM), Plea Agreement, Aug. 17, 2018, Docket No. 103.) The Eighth Circuit affirmed Hansmeier's conviction. *United States v. Hansmeier*, 988 F.3d 428, 441 (8th Cir. 2021). Following the conviction, the Minnesota Supreme Court disbarred him due to his "multi-year history of misconduct." *In re Disciplinary Action Against Hansmeier*, 942 N.W.2d 167, 174 (Minn. 2020).

Since his incarceration, Hansmeier has been involved in copious amounts of litigation on the alleged unconstitutionality of the Challenged Statutes as applied to him. His lawsuits, all of which seek declaratory and injunctive relief, allege that the statutes are unconstitutional because they either prevent him from pursuing copyright enforcement or prevent him from assisting unidentified individuals pursuing Americans with Disabilities Act ("ADA") enforcement claims.

In May 2020, Hansmeier filed a lawsuit in the District Court for the District of Columbia against U.S. Attorney General William Barr asserting the unconstitutionality of the Challenged Statutes as they applied to copyright enforcement actions he sought to undertake.  (Defs.' Mem. Supp. Mot. Dismiss, Ex. A, Aug. 30, 2021, Docket No. 43.)  U.S. District Judge James Boasberg screened the case pursuant to 28 U.S.C. § 1915A and determined that the "Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal and civil prosecution, and . . . such decisions are not subject to judicial review."  (*Id.*, at Ex. B.)  The Court  dismissed the complaint for failure to state a claim.  (*Id.*)  Hansmeier did not appeal this decision.

Hansmeier then filed a complaint against Attorney General Barr in the Western District of Wisconsin that was nearly identical to the case dismissed by Judge Boasberg. (*Id.*, at Ex. E.)  The case was closed because Hansmeier failed to pay the initial filing fee. (*Id.*)

Hansmeier was also busy in this district, filing a lawsuit before Judge Brasel in June 2020 against U.S. Attorney Erica MacDonald for declaratory and injunctive relief on the constitutionality of the Challenged Statutes as they apply to his proposed ADA enforcement strategy.  (*Hansmeier v. MacDonald*, No. 20-cv-1315 (NEB/LIB), Complaint, June 4, 2020, Docket No. 1.)  Hansmeier voluntarily dismissed this case. (Defs.' Mem., Ex. D.)

Hansmeier was not finished, though, as he proceeded to file at least sixteen additional cases challenging the constitutionality of the Challenged Statutes as applied to him and his enforcement strategies, including this case.[1] As relevant to this motion, in *Hansmeier I*, Hansmeier filed a document titled "Suggestion of Mootness," and upon that motion, the Court found that the particular case no longer presented a live controversy, dismissing it without prejudice. (*Hansmeier I,* 20-cv-2155 (JRT/LIB), Suggestion Mootness, May 21, 2021, Docket No. 67; *Hansmeier I*, Order Denying Mots. at 5, Aug. 17, 2021, Docket No. 105.) In *Hansmeier II*, Hansmeier filed a Notice of Voluntary Dismissal. (*Hansmeier II*, Notice Voluntary Dismissal, May 21, 2021, Docket No. 38.) The Court stayed the remaining actions until the motion to dismiss is resolved in this present case. (*Hansmeier I*, Order Denying Mots at 7–8.)

## DISCUSSION

### I. STANDARD OF REVIEW

---

[1] *Hansmeier v. David MacLaughlin, et al.*, 20-cv-2155 (JRT/LIB) ("Hansmeier I"); *Hansmeier v. David MacLaughlin, et al.*, 20-cv-2156 (JRT/LIB) ("Hansmeier II"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-748 (JRT/LIB) ("Hansmeier III"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1167 (JRT/LIB) ("Hansmeier IV"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1426 (JRT/LIB) ("Hansmeier V"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1537 (JRT/LIB) ("Hansmeier VI"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1538 (JRT/LIB) ("Hansmeier VII"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1539 (JRT/LIB) ("Hansmeier VIII"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1540 (JRT/LIB) ("Hansmeier IX"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1542 (JRT/LIB) ("Hansmeier X"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1543 (JRT/LIB) ("Hansmeier XI"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1553 (JRT/LIB) ("Hansmeier XII"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1547 (JRT/LIB) ("Hansmeier XIII"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1550 (JRT/LIB) ("Hansmeier XIV"); *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1551 (JRT/LIB) ("Hansmeier XV"); and *Hansmeier v. David MacLaughlin, et al.*, 21-cv-1552 (JRT/LIB) ("Hansmeier XVI").

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

When considering a motion to dismiss, pleadings submitted by pro se litigants are to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Notwithstanding this rule, courts have declined to extend the liberal construction standards to pro se attorneys. *See, e.g.*, *Garcia v. Bank of Am., N.A.*, 2014 WL 5685518, *1 n.2 (D. Minn. Feb. 5, 2014). As such, the Court will not extend the less stringent standard to Hansmeier.

**ANALYSIS**

**I.     Res Judicata**

A res judicata defense is appropriate to raise on a motion to dismiss if the identity of the actions relevant to the argument are apparent from the face of the complaint. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 759, 763–64 (8th Cir. 2012). The relevant

cases to be considered are the following: (1) the District of Columbia case before Judge Boesberg; (2) the June 2020 lawsuit before Judge Brasel; (3) *Hansmeier I*; and (4) *Hansmeier II*. As each of the four relevant lawsuits include nearly identical parties and issues, the identity of these actions is apparent on the face of the complaint and the defense of res judicata can be considered on the Motion to Dismiss.

Res judicata incorporates two concepts—issue preclusion and claim preclusion. *Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102 (8th Cir. 2013.) Issue preclusion forecloses relitigating an issue that has already been litigated and decided. *Id.* (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). "A party is precluded from litigating such a matter in a subsequent case, whether or not the issue arises on the same or different claim." *Id.*

Issue preclusion applies if the following five elements are met: (1) the party sought to be precluded was a party, or in privity with a party, in the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the original lawsuit; (3) the issue must have been actually litigated; (4) the issue must have been determined by a final and valid judgment; and (5) determination of the issue in the prior action must have been essential to the judgment. *Id.* at 1102–03.

According to the Federal Defendants, there are two separate lawsuits that meet the elements of issue preclusion and warrant dismissal of Hansmeier's claims in this action under the doctrine of res judicata.

### A. Judge Boasberg's July 2020 Order

Hansmeier only seriously contests whether the second element of issue preclusion is met when analyzing his lawsuit before Judge Boasberg. However, the Court will consider each element in turn.

The first element—whether the parties were the same or in privity between lawsuits—is met here because the Federal Defendants are in privity with Attorney General Barr.

As to the second element, Hansmeier contends that the case before Judge Boasberg did not involve the same issue because the dismissal in that case centered on Hansmeier's use of the word "pursue" in his complaint. Hansmeier claims that Judge Boasberg focused on his request to enjoin the U.S. Attorney General from pursuing Hansmeier under the Challenged Statutes for his actions and concluded that the complaint must be dismissed for lack of subject-matter jurisdiction. Since the Complaint in this case did not use the word pursue, Hansmeier argues the second element of issue preclusion is not met.

Hansmeier's assertions are unpersuasive for three reasons. First, Judge Boasberg clearly stated the matter would be dismissed because Hansmeier "stated no plausible claim to relief" as the Attorney General has absolute discretion to investigate and prosecute. (Defs.' Mem., Ex. B, at 2.) There is no mention of jurisdiction in Judge Boasberg's order. Second, Judge Boasberg's order never states that the decision turned

solely on the use of the word "pursue." So omission of that word in the Complaint in this case is inconsequential. Lastly, the Court sees little difference between the relief requested by Hansmeier in his case before Judge Boasberg, to enjoin the U.S. Attorney General from pursuing claims against him, from the relief he requests here, to enjoin Federal Defendants from enforcing the Challenged Statutes against him. By cabining the doctrine of res judicata to apply only when a litigant uses identical wording would severely limit the effect of that doctrine, significantly weakening it. Thus, the issue sought to be precluded here is the same issue involved in the case before Judge Boasberg and the second element of issue preclusion is met.

The third element is met because the issue was the basis for Judge Boasberg dismissing Hansmeier's claim. Hansmeier asked for declaratory relief related to the enforcement of the Challenged Statutes against him, and Judge Boasberg held that he failed to state any plausible claim entitling him to that relief.

The fourth element is likewise met because a final judgment for purposes of issue preclusion includes "matters resolved by preliminary rulings or . . . determinations of liability that have not yet been complete by an award of damages or other relief[.]" *In re Nangle*, 274 F.3d 481, 485 (8th Cir. 2001). A judgment must be "sufficiently firm to be accorded conclusive effect." *Id.* Judge Boasberg's dismissal was sufficiently firm and therefore meets this requirement.

8

The fifth element is met because Hansmeier's failure to state a plausible claim was the sole grounds for dismissal.

Thus, Hansmeier's lawsuit before Judge Boasberg meets all the elements of issue preclusion and his relitigation of the same issues in the present matter is foreclosed. Based on this, the Court will grant Federal Defendants' Motion to Dismiss the case because Hansmeier's claims are barred by the res judicata doctrine.[2]

### B. Hansmeier's Lawsuits in the District of Minnesota

The elements of issue preclusion are met based solely on Hansmeier's lawsuit before Judge Boasberg and thus res judicata warrants dismissal of his Complaint based on that lawsuit alone. However, the cases Hansmeier has brought in the District of Minnesota–the case before Judge Brasel, *Hansmeier I,* and *Hansmeier II*—provide a separate ground to dismiss under issue preclusion.

As to these three cases, Hansmeier only raises a serious challenge to the fourth element of issue preclusion—that the issue was determined by a final and valid judgment. Regardless, the Court will consider each element.

The first element is met because the parties are nearly identical and, if not identical, are surely in privity with one another.[3] The second element is met because the

---

[2] This conclusion applies equally to the remaining thirteen lawsuits currently stayed until resolution of this motion to dismiss. The stayed lawsuits involve the same central question at issue here which is barred by res judicata and therefore res judicata applies to the stayed lawsuits.

[3] Arguably, issue preclusion would not apply to Hansmeier's lawsuit against Portland since this is the first time Hansmeier has litigated a case against that defendant. The claims against

issue sought to be precluded here is nearly identical to the issue sought to be precluded in the case before Judge Brasel, *Hansmeier I*, and *Hansmeier II*. Issue preclusion applies regardless of whether or not the issue arises on the same or different claim. *Sandy Lake Band*, 714 F.3d at 1102. Hansmeier's lawsuits focus on enjoining the Federal Defendants from potentially prosecuting him in the future under the Challenged Statutes for action he would like to undertake. The fact that he raises this issue in relation to either copyright enforcement or ADA enforcement is irrelevant. The third element is met for similar reasons, the core issues are identical and were actually litigated.

Hansmeier argues that the fourth element of issue preclusion is not met because his voluntary dismissals in the prior actions cannot constitute final and valid judgments. Rule 41 states that a voluntary dismissal results in a dismissal without prejudice unless "the plaintiff previously dismissed any federal . . . action based on or including the same claim, [then the] notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. Rule 41(a)(1)(B). He claims that there was no adjudication on the merits, and thus no final and valid judgment, because the multiple voluntary dismissals were in lawsuits that did not involve the same claims.

There is no dispute that Hansmeier voluntarily dismissed his ADA enforcement lawsuit against Federal Defendants before Judge Brasel. Thus, if either *Hansmeier I* or

---

Portland must be dismissed, though, for other reasons discussed below. Issue preclusion is still relevant, however, because the existence of a new party does not preclude the Federal Defendants from arguing issue preclusion as to the claims asserted against them.

*Hansmeier II* constitutes an action based on the same claim as the claim at issue in the case before Judge Brasel, Hansmeier's second voluntary dismissal would constitute an adjudication on the merits and meet the requirements of the fourth element of issue preclusion.

The Court is unpersuaded by the Federal Defendants' argument that the "Suggestion of Mootness" in *Hansmeier I* constitutes a voluntary dismissal. The Court did not treat it as a voluntary dismissal when the Court dismissed the case, denying the motions in the case as moot and dismissing without prejudice. (*Hansmeier I*, 20-cv-2155 (JRT/LIB), Docket No. 105, at 7.) As such, the resolution in *Hansmeier I* was not a voluntary dismissal and thus it cannot constitute an adjudication on the merits under Rule 41.

*Hansmeier II*, however, presents a different story. Hansmeier filed a Notice of Voluntary Dismissal in *Hansmeier II*, not a Suggestion of Mootness, which the Court granted. (*Hansmeier II*, Notice Voluntary Dismissal; Order Dismissing Case, Aug. 8, 2021, Docket No. 41.) Hansmeier argues that this voluntary dismissal does not operate as an adjudication on the merits because *Hansmeier II* did not involve the same claim as the case before Judge Brasel. Hansmeier claims that for Rule 41 to apply he would have had to bring and then voluntarily dismiss two lawsuits challenging the constitutionality of the Challenged Statutes as applied to ADA enforcement against Portland.

The Court does not read Rule 41 so narrowly. The issue is still the same—Hansmeier asks the Court to enjoin the enforcement of the Challenged Statutes against

11

him based on certain activities he would like to undertake. Though there is a slight variation in the claims asserted, the ultimate issue for resolution remains the same. Because Hansmeier had voluntarily dismissed his case before Judge Brasel and then proceeded to voluntarily dismiss *Hansmeier II*, this second voluntary dismissal constituted an adjudication on the merits. Thus, there was a final and valid judgment on his claims in the lawsuits he filed before this district and the fourth element of issue preclusion is met.

Lastly, there is nothing to suggest that the fifth element is not met as the cases all turned on the issue seeking to be precluded here.

In sum, the cases brought in the District of Minnesota meet the elements of issue preclusion and provide a second ground upon which Hansmeier's instant claims are precluded. As such, Hansmeier's claims are barred by the res judicata doctrine, and his suit must be dismissed.[4]

## II.   Failure to Properly Serve Portland Corporate Center, LLC

Hansmeier has failed to properly serve Defendant Portland pursuant to Rule 4. Rule 4(m) provides that if a plaintiff fails to serve a defendant within 90 days after the complaint is filed the Court must dismiss the action without prejudice against that defendant or order service be made within a specific time. Fed. R. Civ. P. Rule 4(m).

---

[4] The Federal Defendants raised several other grounds for dismissal of Hansmeier's Complaint. As the Court has found that the Complaint warrants dismissal under the doctrine of res judicata, it will not, at this time, consider the Federal Defendants' remaining arguments.

The Complaint was filed in May 2021. In September 2021, Hansmeier filed a motion to extend time for service, requesting that the Court grant him an extension until March 1, 2022 to serve Portland. (Mot. Extend. Time Serv., Sept. 20, 2021, Docket No. 52.) Hansmeier claims that he has made attempts to serve Portland, though he has presented no evidence that supports this assertion. Hansmeier goes on to state that his ability to properly serve Portland has been significantly impaired by the fact that the Bureau of Prisons has placed him in administrative detention which gives him access only to food, water, a legal pad, and a pen. (*Id.*, at ¶¶ 6–7.)

Yet, it is unclear why as of March 1, 2022, Hansmeier's requested date to serve Portland, no such service has been made. Hansmeier's most recent court filings indicate that he is no longer in administrative detention. (*See, e.g.*, Request for Leave to File Mots. Amend, for Discovery, and to Strike, Jan. 18, 2022, Docket No. 56 (typed document filed by Hansmeier with the Court).) And Hansmeier admits himself that he was released from administrative detention by November 2021. (Notice re Hansmeier v. Fikes, Jan. 13, 2022, Docket No. 55.) Hansmeier provides no justification for why he has failed to serve Portland in the last five months when it appears he had every ability to do so. As such, the Court will dismiss the Complaint without prejudice against Portland pursuant to Rule 4(m).

### III.     Motion for Filing Restrictions[5]

"[T]here is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" *In re Taylor*, 839 F.2d 1290, 1292 (8th Cir. 1988). And indeed, "[d]efendants have a right to be free from harassing, abusive, and meritless litigation." *Id.* at 1293. Federal courts have inherent authority to impose sanctions to "regulate their dockets, promote judicial efficiency, and deter frivolous filings[.]" *City of Shorewood v. Johnson*, No. 11-374, 2012 WL 65855, at *4 (D. Minn. Mar. 5, 2012). The Court "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *In re Taylor*, 839 F.2d at 1292–93.

Hansmeier has filed at least sixteen duplicative cases challenging the constitutionality of the Challenged Statutes as applied to him and his enforcement strategies. Hansmeier asserts these lawsuits are not duplicative because the complaints are narrowly tailored to the specific facts identified in each case. Each case, though,

---

[5] Hansmeier argues that the Court cannot consider any additional motion outside of the motion to dismiss because it has stayed all proceedings until the motion to dismiss is resolved. Hansmeier points to the language in the Court's August 2021 order where the Court stated it "will not entertain any other motion or request in ECF 21-1167 while the motion to dismiss is pending." (Order at 6, Aug. 17, 2021, Docket No. 38.) The Court, though, noted its concern with the "sprawling litigation" initiated by Hansmeier and stayed all other proceedings to avoid further strain on the Court's and parties' resources. (*Id.*) The Court continues to be concerned with the drain Hansmeier's litigation has had on the resources of all those involved and sees no reason to defer ruling on the motion for filing restrictions. This is particularly true where both sides have had the opportunity to brief the issue for the Court. (Mem. Opp. Filing Restrictions, July 6, 2021, Docket No. 32.) As such, the Court will rule on the motion.

ultimately centers on a determination of the constitutionality of the Challenged Statutes. This issue has previously been decided, as detailed above, and is barred by res judicata. Hansmeier's insistence on filing numerous lawsuits on identical issues in the hopes of reaching a different outcome can only be described as frivolous and duplicative if not, arguably, harassing and abusive. Hansmeier's litigiousness has drained resources not only from this district, but the District of Columbia and the Western District of Wisconsin. His actions have also required the Federal Defendants to dedicate time and resources in defending against meritless lawsuits again and again.

To regulate this district's docket, promote judicial efficiency, and deter frivolous filings by Hansmeier, the Court will place appropriately tailored filing restrictions on him. In the event that Hansmeier initiates in the United States District Court for the District of Minnesota without express prior written permission from the Chief Judge of the District of Minnesota any copyright infringement action or private enforcement action under the ADA against the U.S. Attorney General, former Acting U.S. Attorney Folk, any future United States Attorney for the District of Minnesota, Assistant U.S. Attorney MacLaughlin, former U.S. Attorney Luger, or the U.S. Attorney's Office for the District of Minnesota, the Clerk is directed to immediately close the case and the Court will dismiss it without prejudice. Furthermore, any action removed to the District of Minnesota that meets the description above is also subject to immediate closure by the Clerk and dismissal without prejudice by the Court.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Federal Defendants' Motion to Dismiss [Docket No. 42] is **GRANTED** and Hansmeier's Complaint is **DISMISSED WITH PREJUDICE** as to the Federal Defendants;

2. Hansmeier's Complaint is **DISMISSED WITHOUT PREJDUDICE** as to Defendant Portland Corporate Center, LLC for failure to effectuate service pursuant to Federal Rule of Civil Procedure Rule 4;

3. Federal Defendants' Request for Filing Restrictions [Docket No. 22] is **GRANTED** as follows:

    a. Hansmeier is prohibited from filing any new lawsuits and any pleadings or other papers in the District of Minnesota concerning any copyright infringement action or private enforcement action under the ADA against the U.S. Attorney General, former Acting U.S. Attorney Folk, any future United States Attorney for the District of Minnesota, Assistant U.S. Attorney MacLaughlin, former U.S. Attorney Luger, or the U.S. Attorney's Office for the District of Minnesota unless he obtains prior written approval from the Chief Judge of the District of Minnesota.

4. The Federal Defendants' Motion to Consolidate Cases [Docket No. 3], Plaintiff's Motion to Strike Pleading 24 [Docket No. 35], and Plaintiff's Motion to Extend Time for Service [Docket No. 56] are **DENIED AS MOOT.**

5. The Court will lift the stay in ECF 21-748; ECF 21-1426; ECF 21-1537; ECF 21-1538; ECF 21-1539; ECF 21-1540;ECF 21-1542; ECF 21-1543; ECF 21-1547; ECF 21-1550; ECF 21-1551; ECF 21-1552; and ECF 21-1553.  Each of these matters are **DISMISSED WITH PREJUDICE.**

6. All pending motions in these cases are **DENIED AS MOOT.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: March 11, 2022  
at Minneapolis, Minnesota.

                                        JOHN R. TUNHEIM  
                                        Chief Judge  
                                  United States District Judge